ROBERTSON v. WABASH RAILROAD COMPANY, Appellant.

Division Two, November 28, 1899.

1. **Negligence**: HOLE IN DEPOT PLATFORM. In a suit by a passenger for injuries caused by stepping in a hole or crack in the station platform as she was attempting to board a train, it is not necessary that the location of the hole or crack be shown with absolute certainty, but it is sufficient if it existed, and that by reason thereof the platform was not reasonably safe, and that she got her foot in said hole while attempting to board the train, and as a result was injured without fault or negligence on her part. If the jury can in effect find these facts from the evidence, it is proper to refuse a demurrer to the evidence.

2. ———: MEDICAL SERVICES. It devolves upon plaintiff in seeking to recover damages for personal injuries to make out her case, and an instruction that authorized the jury "to take into consideration any evidence as to any expense she has necessarily incurred in being treated for said injuries" is error, if there is no proof that she has ever paid her physicians anything, or agreed to do so, or that she has incurred any liability, on account of such services, other than that which might be implied from their rendition. A general statement that her "doctor's bills are between two and three hundred dollars, perhaps that, I do not know exactly," is inadmissible evidence, and can not be the basis of such an instruction.

3. **Blending Causes**: INSTRUCTION. Where the petition blends two causes of action, plaintiff's instructions do not have to cover both causes. They must cover the allegations that go to make up one cause and the other may be disregarded or abandoned.

4. **Negligence**: DEPOT PLATFORM: SLIGHT DEFECT. An instruction to the effect that a passenger, who was injured on a depot platform by stepping in a hole or crack at the time she was boarding a car, is entitled to recover if the platform was in an unsafe condition and out of repair, however slight the defect may have been, is faulty. The railroad company is required to keep the platform only in a reasonably safe condition.

5. ———: PLAINTIFF'S INSTRUCTION: MEASURE OF DAMAGES. Where plaintiff's instruction as to the measure of damages is good as far as it goes, and defendant desires to restrict his right to damages to more limited bounds, he must ask an instruction to that effect.

*Appeal from  Carroll  Circuit  Court.*— Hon. W. W.
Rucker, Judge.

Reversed and remanded.

Geo. S. Grover, J. L. Minnis and A. H. Waller for
appellant.

(1)   The demurrer to the evidence should have been
sustained.   Railroad v. Shertle, 97 Pa. St. 450; Moore v.
Railroad, 28 Mo. App. 622; Hyde v. Railroad, 110 Mo. 272.
(2).  The court admitted incompetent testimony.   Duke v.
Railroad, 99 Mo. 347; Smith v. Railroad, 108 Mo. 243; Morris
v. Grand Ave. R'y, 46 S. W. Rep. 170.    (3)   The court
gave improper instructions at plaintiff's request.   (a) They
are not based upon the issues tendered in the petition.   Ely
v. Railroad, 77 Mo. 34; Haynes v. Railroad, 108 Mo. 123.
(b) They are not founded on the evidence.   Gorham v. Rail-
road, 113 Mo. 408; Railroad v. Railroad, 118 Mo. 599.   (c)
They authorize the recovery of an erroneous measure of dam-
ages.   Jacquin v. Railroad, 57 Mo. App. 320; Hawes v. Rail-
road, 103 Mo. 60; McGowan v. Railroad, 109 Mo. 518.    (4)
The plaintiff's counsel was guilty of misconduct in his argu-
ment to the jury.   Smith v. Tel. Co., 55 Mo. App. 626;
Fathman v. Tumilty, 34 Mo. App. 236; Sidekum v. Railroad,
93 Mo. 407; Evans v. Trenton, 112 Mo. 390; Williams v.
Railroad, 123 Mo. 573.    (5)   The verdict is clearly the
result of prejudice and passion, and, under all the evidence,
excessive.   Spohn v. Railroad, 87 Mo. 74.

L. H. Waters, Busby, Jacobs and Hale & Son for
respondent.

(1)   If no evidence had been introduced tending to sus-
tain the allegations in the petition, then the demurrer to the
evidence should have been sustained, otherwise not.   There
was strong testimony introduced tending to sustain the allega-

tions in the petition. The cases cited by appellant on this point in 97 Pa. St., 28 Mo. App., and 110 Mo. do not sustain its position. (2) Appellant wholly ignores in its brief the other evidence in the cause in regard to plaintiff's medical expenses paid at Kirksville, which amounted to more than the two or three hundred dollars testified to by plaintiff. The statement of appellant, that her testimony was all that was offered in support of that averment in the petition, is clearly not correct. Besides what damages could be recovered on this branch of the case was a matter for the determination of the jury under proper instructions to be given by the court. The question and answer were proper, as it simply summed up the total of her doctor's bills. If those expenses had not been paid or a liability incurred, either of which wou'd have been sufficient, it would have been proper for appellant on cross-examination to draw out those facts, and then for the court to instruct the jury, at the request of defendant, what expenses could or could not be recovered. It does not appear what expenses were incurred by Doctors Austin and Flournoy, but it does appear affirmatively that her expenses at Dr. Still's institute in Kirksville were $25 per month—besides board and other expenses. She was there at one time three or four months, at another time about seven weeks. (3) The first instruction is a substantial copy of that part of the petition upon which it is based, and we think clearly tenders the same issues stated in the petition. It covers the whole case as shown by the testimony very conservatively. No objection is made to the language of the instructions or the legal propositions stated. The defect in the platform was the primary and substantial cause of the injury, and the fact that plaintiff narrowed her claim in the instruction certainly could not injure appellant, but was rather for its benefit. (4) The point, as to the remarks of L. H. Waters in his address to the jury, we think is hardly worthy of notice. The remarks were evidently harmless and were strictly within the testimony.

BURGESS, J.—This is an action for damages alleged to have been sustained by plaintiff by reason of the negligence of defendant in failing to keep its depot platform in a reasonably safe condition, and the negligence of its servants and agents in assisting her on one of its trains.

There were originally two counts in the petition, but the second one was dismissed, and the case tried upon the first. It alleges that plaintiff, intending to become a passenger on one of defendant's trains, and having purchased a ticket for that purpose of said defendant, at Wakenda station, Carroll county, Missouri, on the line of said defendant's road, and while walking over and upon the platform of said defendant's station as aforesaid, after dark, and for the purpose of taking passage east on the first evening train of defendant's, on or about the twenty-sixth day of September, 1895, stepped one of her feet, wholly or partially, into a hole or crack in or between the plank or planks, of which said platform was constructed, and by so doing her shoe caught and held fast in said hole or crack as aforesaid. That at said time of getting her foot fast and confined in said hole or crack, the train of defendant on which she intended to take passage as aforesaid, and upon which she did take passage at that time, had about arrived at the platform of defendant's station as aforesaid, being late and behind schedule time. Upon the arrival of the train as aforesaid, and while her foot was confined and fastened in the said hole or crack as aforesaid, the trainmen, agent and servants of said defendant aboard of and in charge of said train, in the performance of their respective duties thereon, approached this plaintiff with loud and urgent exclamation and entreaties to her to make haste and get aboard of said train, as it was behind time, and by their said acts and conduct to her at that time gave her to understand and believe that said train was about to pull out from said station, thereby

VOL. 152 mo—25

greatly exciting her unduly as to her ability to get upon said train, and while her foot was so held and confined in said hole or crack aforesaid, she hastily attempted to disengage her foot from said hole or crack, under the circumstances of the arrival of the train as aforesaid, and while under excitement as aforesaid, and by the means aforesaid, the said trainmen and the agents and servants of defendant aforesaid seized her by the arms, body and shoulders, and not giving her sufficient time and opportunity to extricate her foot with safety from said hole or crack aforesaid, violently and with force pulled her foot out of and away from said place of detention and confinement as aforesaid.

The plaintiff further alleges and charges that said defendant, its agents and servants at said date did not have and keep its said station platform in a reasonably safe condition for the passage of persons over it in going to and upon and from its said cars and trains as passengers; that said defendant, its agents and servants permitted and suffered its said platform to be and remain out of repair at said time, so that the same became and was dangerous and unsafe for its said passengers to go upon and over it for the purpose of going from and upon its trains as passengers; that defendant, its agents and servants negligently permitted the said hole or crack as aforesaid, and into which her foot was caught and held as aforesaid, to be and remain in said platform in a dangerous and unsafe condition, of which said defect and dangerous and unsafe condition of said station platform, at the time and in the manner aforesaid, said defendant, its agents and servants had notice.

The plaintiff further alleges and charges that defendant's trainmen, agents and servants, by seizing her as aforesaid, and at the time and in the manner aforesaid, were guilty of negligence and want of proper care in assisting her over said platform and upon the train, at the time and under the circumstances aforesaid. That by reason of the unsafe and dangerous condition of said platform as aforesaid, and the negligence

of defendant, its agents and servants in permitting it to be
and remain in that condition as aforesaid, and the negligent
and unskillful conduct of defendant's trainmen, agents and
servants as aforesaid, and plaintiff's foot being held and de-
tained and extricated in the manner and by the means afore-
said, plaintiff was and is greatly injured in her said foot by a
sprain in her ankle joint and the rupture and injury to the
tendons, cartilages, ligaments, and fibers of the joint, in con-
sequence thereof, and in her foot and heel; and also as a con-
sequence and result of said negligent acts and conduct on the
part of defendant as aforesaid, some of the bones in her foot
and about her heel and ankle, were injured and broken and
displaced, causing her foot, leg and ankle to swell, become
discolored and numb, and causing her to suffer great mental
and bodily pain and suffering, and loss of time and inability
to engage in any kind of profitable labor for her support and
livelihood, by all of which she has sustained permanent injury
to her body, foot and ankle, and thereby caused and compelled
her to expend money and incur liability in her efforts to effect
a cure of her said injuries, and by reason of the said premises
and unsafe condition of said platform and the foregoing al-
leged negligent acts and conduct of defendant, its agents and
servants as aforesaid, she is damaged in the sum of five thous-
and dollars for which she asks judgment.

The answer was a general denial.

At the time of the accident complained of, and at the
trial, plaintiff was an unmarried lady. She was born in 1854.
She had been lame in one limb since childhood, and it is some-
what shorter than the other. At the time of the injury she
was at Wakenda, a station on defendant's road, where she had
gone in the interest of a publishing house by which she was
employed establishing agencies, and having purchased a ticket
for that purpose left there that evening, between eight and
nine o'clock, after dark, on one of defendant's passenger
trains for DeWitt, a station east on the same road.

When the train arrived upon which she took passage she was standing on the platform, and when it stopped she walked toward it, and just as she was getting on the train, with the assistance of the trainmen, her foot caught in a hole or crack in the depot platform. She did not see the place where her foot caught, but she felt a severe pain in that foot, and her shoe on that foot came loose at the heel. By the directions of a physician whom she consulted the next day she bathed her foot with liniment, and for several days traveled around on it, visiting different places. It continued to grow worse, until she finally called physicians for its treatment. Her sufferings were very severe, and the injury permanent. She testified over the objections of defendant "that as near as she could estimate her doctor's bills were between two and three hundred dollars, perhaps that, she did not know exactly."

There was no evidence of any misconduct or negligence on the part of the trainmen.

No evidence was offered by defendant.

At the close of the evidence defendant asked an instruction in the nature of a demurrer thereto, which was refused, and defendant excepted.

At the request of plaintiff the court over the objection of defendant instructed the jury as follows:

"1. It was the duty of the defendant to keep and maintain its platform at the depot at Wakenda station on its line of road in a reasonably safe condition for the use of passengers in getting on and off its trains at that station; and if the jury believe from the evidence that said platform on the 26th day of September, 1895, was in an unsafe and dangerous condition because of a crack or hole, in said platform, and that defendant knew of the existence of said crack or hole, or might have known of its existence by the exercise of ordinary care, and that plaintiff did not know of its existence, and that plaintiff, while attempting to get upon defendant's train as a passenger at that station, and without fault upon her part stepped into said

crack or hole and was injured thereby, then you will find for the plaintiff.

"2.   If the jury believe from the evidence that on the 26th day of September, 1895, the platform of defendant's depot at Wakenda station on its line of road was in an unsafe condition, and out of repair because of a crack or a hole in said platform, and that defendant knew of the existence of said crack or hole, or might have known of its existence by the exercise of ordinary care; and that plaintiff did not know of its existence, and if the jury further believe from the evidence that plaintiff then and there, while attempting to get upon defendant's train as a passenger at said station, and without fault on her part, stepped into said crack or hole and was injured thereby, then plaintiff is entitled to recover.

"3.   If the jury find for the plaintiff they will assess her damages at such sum, not exceeding $5,000, as they may believe from the evidence she has sustained by reason of the injuries to her foot and ankle resulting from the injuries complained of.   And in assessing her damages the jury may take into consideration any evidence in the case as to any pain and suffering resulting from said injuries and any evidence as to the character and extent of such injury and any evidence as to any expense she has necessarily incurred in being treated for said injuries."

The jury returned a verdict in favor of plaintiff assessing her damages at $3,000, and after an unsuccessful motion to set the same aside, and, for a new trial, defendant appeals.

The first contention is that the demurrer to the evidence should have been sustained.   The argument is that as the act of negligence charged is that there was a hole or crack in the depot platform, at the time when and the place where the plaintiff got upon defendant's train, in which her foot was caught, thus inflicting the injury sued for, and as the evidence showed that at that time the depot platform where plaintiff got upon the train was in first-class condition, with no holes or cracks

in it large enough to catch a person's foot, this allegation was disproved, hence plaintiff failed to make out her case.      There was evidence, however, tending to support the allegation as to the location of the hole or crack in which plaintiff got her foot, at or near the place where she got upon the train, and it was for the jury to determine under the evidence whether there was any such hole or crack in the platform at or near enough to where she was, in approaching and getting on the train for her to get her foot in and hurt.      It was not necessary that it be shown with absolute certainty the exact location of the hole or crack in the platform, but it was sufficient if it existed, and by reason thereof the platform was not reasonably safe, and that she got her foot in it, while attempting to get on the train, and in consequence thereof was injured without fault or negligence upon her part.      The jury in effect found these facts in favor of plaintiff and their verdict was not without substantial evidence to support it.

It is next claimed that error was committed in permitting the plaintiff to testify with respect to her doctor's bills.      There was no proof that she had ever paid her physician anything, or had agreed to do so, or that she had incurred any liability, on account of such services, further than that which might be implied from their rendition.

In Duke v. Railroad, 99 Mo. 347, it was ruled, that one could not in an action for personal injuries, recover for expenses incurred " for professional services of physicians," in the absence of evidence, showing the amount of such expenses, or that any were ever paid, or any liability incurred therefor.

So in Smith v. Railroad, 108 Mo. 243, it was held that damages will not be allowed in an action for personal injuries for medical services in the absence of evidence as to their value.

The same rule was announced in the recent case of Morris v. Street Ry., 144 Mo. 500.

There was no evidence whatever in the case in hand with respect to the value of the services of the physicians.

But plaintiff contends that this evidence was competent as far as it went, and that if these expenses had not been paid by plaintiff or liability incurred therefor by her, it would have been proper for defendant on cross-examination to draw out those facts, and then for the court to instruct the jury at the request of defendant for what expenses there could or could not be a recovery. This position is untenable, and for this reason. It devolved upon plaintiff to make out her case, and in order to entitle her to recover for medical services rendered her, to prove their value. Otherwise how could the jury form any conclusion with respect thereto? In every case it devolves upon the plaintiff to make out his case by proof, and until he does so the defendant can remain passive if he chooses to do so, as defendant did in fact do in regard to these services.

The statement was general in its character, and clearly inadmissible.

The first instruction given on behalf of plaintiff is criticised upon the ground that it ignored the material allegations in the petition, and authorized a recovery by plaintiff upon a cause of action other than that stated in the petition, and did not cover the whole case.

The petition seems to blend two causes of action, that is, the negligence of defendant in failing to keep its depot platform in a reasonably safe condition for the safety of passengers taken upon or departing from its trains, but permitted a hole or crack to remain therein, which rendered it dangerous, after it had notice thereof, or might have known of its existence by proper care in time to have repaired it, in consequence of which plaintiff without negligence upon her part stepped with her foot therein, and, was injured. And, the negligence of defendant's servants in pulling her foot out of a hole in the platform into which she had stepped, and her foot had

become fastened while approaching the train for the purpose of taking passage thereon, thereby injuring her, etc. But where two causes of action are thus blended, or separately stated, we do not understand that the instructions must cover both causes, or surplus allegations not necessary to the statement of a cause of action. They must, however, cover the allegations which go to make up at least one cause of action, and the other may be disregarded or abandoned by the plaintiff.

The instruction under consideration covers the first cause of action and is not bad because it ignores the other. In Haynes v. Town of Trenton, 108 Mo. 123, the petition charged that by reason of a defective sidewalk plaintiff was precipitated into a dangerous excavation alongside of it, and fractured his leg, and the evidence supported this state of facts and no other, and it was held error to instruct the jury that if plaintiff was precipitated or fell from said sidewalk onto some rock in the street he could recover, regardless of the depth of the hole or excavation, or whether there was in fact any such hole or excavation—this court holding that the instruction permitted a recovery for negligence neither pleaded nor proved. It will be observed that that case is different from the one at bar, in this; in the case in hand the allegations of negligence with respect to the unsafe condition of the platform were not only made, but the evidence adduced tended to prove them to be true, while in the Haynes case plaintiff was permitted to recover for negligence neither pleaded nor proved. So in the case of Burger v. Railroad, 112 Mo. 238, the two negligent acts in the petition were not independent of each other, while in the case at hand they were.

The second instruction given on the part of plaintiff is faulty in that, it in effect told the jury that plaintiff was entitled to recover if the depot platform was in an unsafe condition and out of repair, in consequence of which, she was

injured, however slight the defect may have been, while it was only required of defendant that it keep it in a reasonably safe condition for persons using it for the purpose for which it is intended, thus imposing upon defendant a greater burden than the law requires. [Hutchinson on Carriers (2 Ed.), sec. 521a; Kelly v. Railroad, 112 N. Y. 443; Chicago & Alton Railroad v. Wilson, 63 Ill. 167.]

Plaintiff's third instruction is also crticised upon the ground that it furnished the jury no guide by which to estimate the damages plaintiff was entitled to recover in the event of their finding for her; besides, it authorized a recovery for medical expenses when none were proven. We see no objection to the instruction except that part of it which authorized a recovery for medical expenses, to which our observations, with respect to the admission of evidence upon that question, applies with equal force to the instruction. With this exception the instruction is good as far as it goes, and if defendant desired to restrict plaintiff's right to the damages that she was entitled to recover to more limited bounds than was done by the instruction it should have asked an instruction to that effect. [Browning v. Railroad, 124 Mo. 55; Matthews v. Railroad, 142 Mo. 645; Barth v. Street Ry., 142 Mo. 535.]

A final contention is that the judgment should be reversed because of the misconduct of one of the counsel for plaintiff in addressing the jury. In Evans v. Town of Trenton, 112 Mo. loc. cit. 400, there is quoted with approval the following from Brown v. Swineford, 44 Mo. 282: "It is the duty of counsel to make the most of the case which his client is able to give him; but counsel is out of his duty and his right, and outside of the principle and object of his profession, when he travels out of his client's case, and assumes to supply its deficiencies."

While it appears from the record in this case that counsel went beyond the legitimate scope of all argument, by stating and commenting on facts not in evidence, we are not

inclined to reverse the judgment upon that ground, but as the judgment will be reversed upon other grounds, it is to be hoped that upon a retrial of the cause, such transgressions of the true and correct rules which govern legitimate argument of counsel to a jury in such cases will not be indulged in.

For these considerations we reverse the judgment, and remand the cause.    GANTT, P. J., concurs; SHERWOOD, J., absent.