SAMUEL W. MOSS, Respondent, v. THE MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, January 27, 1908.**

1. **PASSENGER CARRIERS: Misdirection of Passenger: Damages.** Facts relating to the misdirection of a passenger as to getting off the train are held to make no cause for exemplary damages.

2. ————: ————: ————: **Instructions.** Where instructions on the measure of damages are in general terms, but correct, if the defendant desires more specific directions he should ask them.

3. ————: ————: ————: **Appellate Practice.** Where the respondent is displeased with the action of the court in disallowing an enhancement of his damages, he must take his cross-appeal to have such action reviewed in the appellate court.

4. ————: ————: ————: **Excessive Verdict.** Where a passenger was negligently directed to leave the train and compelled to walk five miles in rain and mud, a verdict for three hundred dollars is excessive.

Appeal from Morgan Circuit Court.—*Hon. William H.*
*Martin,* Judge.

AFFIRMED *si.*

*Martin L. Clardy* and *John Cashman* for appellant.

(1) Plaintiff seems to forget that this is but a simple action for an alleged failure to keep and carry out the terms of a contract of carriage. Deming v. Railroad, 80 Mo. App. 152; Marshall v. Railroad, 78 Mo. 610; Francis v. Transfer Co., 5 Mo. App. 7; Strange v. Railroad, 61 Mo. App. 586; Rawlings v. Railroad, 97 Mo. App. —; Connell v. Telegraph Co., 116 Mo. 34; Shellabarger v. Morris, 115 Mo. App. 570. (2) The court erred in admitting testimony as to the effect upon plaintiff's health of his walk in the mud and in rain

from Dumpville to Mora, as such evidence was not admissible under the pleadings. Rawlings v. Railroad, 97 Mo. App. 515; Trigg v. Railroad, 74 Mo. 147; Francis v. Transfer Co., 5 Mo. App. 7. (3) Nor was the admission of such evidence cured by any instruction given in the case. The jury either did not understand the instructions, or they disregarded them. The character of evidence offered in this case cannot be controlled by instructions. Railroad v. McElroy, 161 Mo. 584; Peabody v. Warner, 16 Mo. App. 556; Rall v. McCrary, 45 Mo. App. 365; Trigg v. Railroad, 74 Mo. 147; Hackett v. Van Frank, 105 Mo. App. 384; Trustees v. Hoffman, 95 Mo. App. 488. (4) The instructions are absolute contradictions of each other, and such as would constitute reversible error in any case. Stevenson v. Hancock, 72 Mo. 612; Price v. Railroad, 77 Mo. 508; Nichols v. Jones, 32 Mo. App. 657; Evers v. Shumaker, 57 Mo. App. 454; State v. Cable, 117 Mo. 380; Berryman v. Cox, 73 Mo. App. 73; Bear v. Lisman, 85 Mo. App. 320; Boyd v. Transit Co., 108 Mo. App. 303; Meyers v. Realty Co., 96 Mo. App. 625; Schaub v. Railroad, 106 Mo. 74; Goss v. Railroad, 50 Mo. App. 614. (5) The verdict in this case is flagrantly excessive, and is shown clearly to be the result of passion and prejudice on the part of the jury, shows clearly that the poison of the illegal and improper evidence admitted into the case remained in the minds of the jury, and was the controlling influence in their estimate of the amount of damages plaintiff was entitled to. It will be observed that the jury assessed the maximum sum shown by evidence admitted and excluded or attempted to be excluded. Marshall v. Railroad, 78 Mo. 611; Trigg v. Railroad, 74 Mo. 147; O'Connell v. Telegraph Co., 116 Mo. 34; Mahoney v. Kansas City, 106 Mo. App. 39.

*Sangree & Bohling, E. M. Carter* and *H. E. Neville* for respondent.

(1) Respondent as a passenger on appellant's train was entitled to be carried to his destination in safety, and if he was directed to get off before his destination was reached, by the carelessness and negligence of the appellant's agents, and in reaching his destination he was compelled to walk and suffered fatigue and contracted rheumatism, it was· a question of fact for the jury to determine whether[1] or not respondent exercised such care as an ordinarily prudent man would have exercised under such circumstances and if he so exercised such care he was entitled to recover for such walk, fatigue and rheumatism.    Evans v. Railroad, 11 Mo. App. 463; Winkler v. Railroad, 21 Mo. App. 99; Warden v. Railroad, 35 Mo. App. 631; Strange v. Railroad, 61 Mo. App. 586; Spry v. Railroad, 73 Mo. App. 203; Hicks v. Railroad, 68 Mo. 329; Railroad v. Lockhart, 79 Ala. 315; Railroad v. Dancy, 97 Ala. 338; Light & Power Co. v. Nolan (Ala.), 32 So. 715; Caldwell v. Railroad, 89 Ga. 550; Railroad v. Kyte, 6 Ind. App. 52; Railroad v. Cayce (Ky.), 34 S. W. 896; Light & Power Co. v. Lowry, 79 Miss. 431; Foss v. Railroad, 65 N. H. 256; Weed v. Railroad, 17 N. Y. 362; Samuels v. Railroad, 35 S. C. 493; Railroad v. Terry, 62 Tex. 380; Railroad v. Crispi, 73 Tex. 236; Railroad v. Ricketts (Tex.), 70 S. W. 315; Railroad v. Smith (Tex.), 32 S. W. 710; Railroad v. Hennessy (Tex.), 49 S. W. 917; Henry v. Railroad (Wash.), 64 Pac. 137; Sievers v. Nav. Co., 24 Wash. 302; Brown v. Railroad, 54 Wis. 342; Fordyce v. Dillingham (Tex.), 23 S. W. 550.    (2) What act of conduct amounts to contributory negligence is necessarily governed by the circumstances of the particular case.    Recklessness or heedlessness should be very apparent to justify a declaration by the court as a matter of law that certain conduct on the part of the plaintiff amounted to contributory negligence.    Where it

is questionable, it is for the jury to say whether under the circumstances of the particular case, the conduct amounts to contributory negligence.    Taylor v. Railroad, 26 Mo. App. 336; Owens v. Railroad, 84 Mo. App. 143; Richmond v. Railroad, 49 Mo. App. 104; Waller v. Railroad, 83 Mo. 608; Doss v. Railroad, 59 Mo. 37; Warden v. Railroad, 35 Mo. App. 631.

ELLISON, J.—Plaintiff's action is for damages resulting to him by reason of being negligently directed by defendant's servants to get off its train at a station which was not his destination to which he had paid his fare and secured a ticket.    The judgment was for plaintiff in the sum of three hundred dollars.

The evidence tended to show that plaintiff was a stranger on the line of defendant's road and that while entitled to passage to a station called Mora, he was told by defendant's servants to get off at a place  called Dumpville, five miles distant.    It was in the night and raining, and plaintiff, being a stranger, accepted the statement of the servant in charge of the train as to Dumpville being Mora.    He did not discover the mistake until the train had left.    He was then compelled to walk to Mora through mud and rain.    He claimed that he contracted rheumatism and suffered pain in consequence.    There was no case made for exemplary damages and none were  allowed.    Practically  all of defendant's instructions were given.    Those for plaintiff are not subject to criticism.    They were general in terms, including damages to be allowed.    But being correct as given, if defendant desired more specific directions it should have asked them.    This is now the rule established by the Supreme Court and repeatedly followed by the courts of appeals.    [Browning v. Railroad, 124 Mo. 71; Harmon v. Donohoe, 153 Mo. 275; Robertson v. Railroad, 152 Mo. 393.]    And defendant did so in this case.

Plaintiff's claim for enhancement of damages by reason of rheumatism was disallowed by the court on account, as is said, of his imprudent conduct while walking to Mora. If he believed an injustice was done him he was entitled to a cross appeal in the case, but he did not adopt that course and therefore stands as acquiescing.

Taking the case as presented, stripped of consequential injury, there can be no doubt that the verdict of $300 was excessive, and we have concluded to require a remittitur of one hundred dollars. In this view it is not necessary to discuss authorities cited by the respective counsel. If, therefore, plaintiffs make that remittitur within fifteen days, the judgment will be affirmed. All concur.