## FLORENCE L. KELLEY, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, January 16, 1911.

1. **APPELLATE PRACTICE:** Evidence. Where the appellate court finds nothing in the evidence to challenge credulity, but where plaintiff's account of her injury, caused by the negligence of defendant city in failing to maintain in proper repair a board sidewalk on one of its public streets, was a hypothesis of fact which the jury were entitled by the evidence to accept. *Held*, that the appellate court will not declare plaintiff's evidence wholly devoid of probative value on the ground that it is inconsistent with the physical facts of the situation.

2. **MUNICIPAL CORPORATIONS:** Contributory Negligence: Sidewalks. In an action for damages for personal injuries sustained by stepping into a hole in a sidewalk negligently left unrepaired by the city. *Held*, that plaintiff's conduct in conversing while walking along the street, and in not giving the sidewalk in question her undivided attention was not so negligent in law as to preclude recovery, providing plaintiff at the time was giving ordinary attention to her course.

3. ————: Negligence: Instructions: Sidewalks. An objection that an instruction enlarged the issues made by the evidence, because it submitted to the jury the question whether or not the step in a sidewalk was defective. *Held*, hypercritical when the hypothesis of the entire instruction, and the contention of the plaintiff throughout the case was that the hole in the end of the board (into which hole plaintiff fell) together with the step under the hole constituted a dangerous defect.

4. **INSTRUCTIONS.** Where an instruction, when read as a whole, clearly and correctly defines the duty of defendant, it is not permissible to select isolated parts thereof, and infer that the jury disregarded the remainder, and were misled by what would be error in the selected part if it were not qualified by its context.

5. **MUNICIPAL CORPORATIONS:** Negligence: Instructions. An instruction asked by defendant was properly refused which told the jury that if the injury was received at a place where there was a step down in the sidewalk of which plaintiff knew, then it was her duty in passing along the point in such sidewalk to have exercised a higher degree of care than was required of her in passing along a sidewalk where there was no such step down, because this would have held plaintiff to the exercise of extraordinary care.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback,* Judge.

AFFIRMED.

*John G. Park, I. D. Hook.* and *James W. Garner* for appellant.

(1) The court should have sustained defendant's demurrer to the evidence, because: 1. The plaintiff's explanation of the cause of the accident is inconsistent with the physical facts. Oglesby v. Railroad, 177 Mo. 272; DeMaet v. Fidelity, etc., Co., 121 Mo. App. 92. (2) Plaintiff was guilty of contributory negligence as a matter of law. Wheat v. St. Louis, 179 Mo. 572; Coffey v. Carthage, 186 Mo. 573; Heberling v. Warrensburg, 204 Mo. 604; Diamond v. Kansas City, 120 Mo. App. 185. (3) The court erred in giving plaintiff's instruction No. 1. It submitted an issue which was not supported by evidence. Chenoweth v. Sutherland, 129 Mo. App. 431. It imposed on the defendant a higher degree of care than was required of it. Dunn v. Nicholson, 117 Mo. App. 374. It did not impose on the plaintiff as high a degree of care as was required by law. It authorized the jury to indulge in a presumption that the plaintiff had exercised due care when she was not entitled to such presumption. Woodson v. Railroad, 224 Mo. 685; Coffey v. Carthage, 186 Mo. 573; Grout v. Railroad, 125 Mo. App. 552; Schaub v. Railroad, 133 Mo. App. 444; Diamond v. Kansas City, 120 Mo. App. 185.

*Bird & Pope* for respondent.

JOHNSON, J.—This is a suit to recover damages for personal injuries plaintiff alleges were caused by the negligence of defendant city in failing to maintain in proper repair a board sdewalk on one of its public

streets. The answer is a general denial and a plea of contributory negligence. A trial resulted in a verdict and judgment for plaintiff in the sum of twenty-five hundred dollars. Defendant appealed.

The injury occurred at 8:30 p. m. September 22, 1908, at the southwest corner of Twenty-third and Terrace streets in Kansas City. Plaintiff, who was fifty-one years old and weighed 220 pounds, had been visiting her married daughter who lived on Twenty-third street and was on her return home when she stepped in a hole at the end of one of the sidewalk planks, fell and was injured. Twenty-third street runs east and west, Terrace street north and south. There was a board sidewalk on the south side of Twenty-third street, ending at the curb line on the west side of Terrace street. The planks of this walk were laid crosswise on stringers which ran with the course of the street. There was also a board sidewalk on the west side of Terrace street, the end of which adjoined the walk on Twenty-third street in a way to make a continuous sidewalk around the corner. The planks of the Terrace street sidewalk were laid at right angles to those on Twenty-third street and the end plank was about on the south property line of Twenty-third street. Two long, wide boards, laid crosswise of Terrace street constituted the crossing for pedestrians over that street. The west end of this crossing was not at the end of the Twenty-third street sidewalk, but was placed just south thereof at the north end of the Terrace sidewalk. The hole in the end plank of that walk was at the north end of the plank and was in the course a pedestrian would take who, coming east on Twenty-third street, purposed to cross Terrace street on the plank crossing described. The west end of that crossing was much lower than the sidewalk and a plank step intervened. Plaintiff and a companion, walking east on Twenty-third street, came to this step and plaintiff stepped into the hole as she started to step down to the street crossing. In some way the heel of her shoe

caught in the edge of the hole causing her to lose her balance and fall down the step to the crossing. The end of the shoe heel where it caught in the hole was torn off. The hole was a decayed place in the board and its edges were irregular. Plaintiff testified: "I was thrown down this step. It seems my foot caught in a hole in the sidewalk and that threw me down and my foot went under me."

Plaintiff admits she and her companion conversed as they walked along but her testimony, as well as that of her companion, is that they were paying attention to the sidewalk but failed to see the hole on account of insufficient light. There was an arc lamp nearby but it was so placed that the hole was in a shadow and was not to be seen easily. Plaintiff's daughter had been living on Twenty-third street two or three months and plaintiff, who lived in another part of the city, had visited her frequently, but she had not noticed the hole in the sidewalk. She states that in going to her daughter's house she walked in the street and that only in returning did she use the sidewalk. This practice was due to the fact that being large and heavy she avoided going up steps but did not object to using them going down.

The petition alleges "that said defendant knew of said defective, unsafe and dangerous condition of said sidewalk and steps at said intersecting point long prior to the happening of the injuries herein complained of, and had notice in time to repair said defect or defects, long prior to said September 22, 1908, or could, by the exercise of ordinary care and caution and diligence, have known of the same long prior to said time, but failed and neglected to repair the same, and for a long time wrongfully and negligently maintained and permitted said sidewalk and steps at said point to be and remain in said unsafe and dangerous condition, which said condition was unknown to this plaintiff." . . . "While the plaintiff was in the exercise of ordinary care and

caution, and without plaintiff's having any knowledge of the defective, unsafe and dangerous condition of said sidewalk and steps, she stepped into one of said holes in said sidewalk at or near the top of said steps, and by reason thereof and said defective, unsafe and dangerous condition of said street and said sidewalk and steps at said intersection as aforesaid, she was caused to be thrown to the sidewalk and steps and street with great force and violence."

Three points are argued by defendant, viz.: First. That the demurrer to the evidence of plaintiff should have been given; second, that instruction numbered 1, given at the request of plaintiff, contains prejudicial error and, third, that the court erred in refusing to give one of the instructions asked by defendant. We shall considers these points in the order of their statement.

I. Defendant insists that plaintiff's account of her mishap is so inconsistent with the physical facts of the situation that, as a matter of law, we should declare it wholly devoid of probative value and, therefore, impotent to support the charge of negligence in the petition. On numerous occasions courts of last resort in this state have reversed judgments based on testimony found to be beyond the pale of reasonable belief but, as a rule, appellate courts refuse to substitute their views respecting issues of fact for those of the triers of fact in whom is vested by law the duty of deciding such issues, and they never weigh evidence in jury cases except for the single purpose of ascertaining whether or not it possesses any evidentiary weight.

We find nothing in the evidence of plaintiff to challenge credulity. One end of the step was under the protruding and defective end of the sidewalk plank and so close that it touched the under side of the plank at its south edge. It seems reasonable to say that in stepping into the hole plaintiff's foot reached and rested on the step underneath and her heel caught on the

ragged edge of the hole. That would account for her fall and it was a hypothesis of fact the jury were entitled by the evidence to accept.

Further defendant argues that plaintiff's conduct should be pronounced negligent in law. We think it was a question of fact for the jury. Plaintiff was justified in assuming that the city had performed its duty to exercise reasonable care to provide and maintain a reasonably safe sidewalk for the use of pedestrians and that the way was free from dangerous defects. This presumption did not absolve her from the duty of making reasonable use of her senses for her own protection, but it did relieve her of any legal obligation to exercise more than ordinary care—such care as ordinarily careful or prudent persons in her situation would observe. She was not required to give the sidewalk her undivided attention and it was not negligence *per se* for her to converse with her companion. [O'Donnell v. City, 144 Mo. App. 155.]

There is no reason for judicial condemnation of the common practice, indulged by thousands of pedestrians every day, of conversing while walking on the sidewalk. One can talk or listen and give ordinary attention to his course.

II. The instruction of which complaint is made is as follows:

"If you find and believe from the evidence that West Twenty-third street and Terrace street, were on and prior to September 22, 1908, public streets and highways of the defendant, Kansas City, and within the corporate limits of said city, and that said streets intersect each other at right angles, and that at the southwest corner of said streets there was a wooden board sidewalk and wooden steps, and that said sidewalk and steps were used by the traveling public as a way, then the court instructs you that it was the duty of the defendant to keep said sidewalk and steps at said point

in a condition reasonably safe for the use of the public at night as well as by day, and the plaintiff, if she did not know to the contrary, had a right to presume that this duty had been performed. And if you further find and believe from the evidence that said sidewalk was, on September 22, 1908, in an unsafe and dangerous condition for travel thereon by the public and that a sufficient time had elapsed between the time the same became unsafe and dangerous (in case you find it was unsafe and dangerous), and the time of the injury (if any) to the plaintiff, for the city, by the exercise of reasonable diligence, that is, such care as an ordinary prudent person would exercise, under the circumstances, to have discovered and repaired the same prior to the time of the injury (if any), to the plaintiff, then the city was negligent in not discovering and repairing the same. And if you further find and believe from the evidence that the plaintiff was traveling along said sidewalk, and in the exercise of ordinary care, under the circumstances, and was, by reason of the unsafe and dangerous condition of said sidewalk (if you find it was unsafe and dangerous), caused to be thrown to said sidewalk and steps and injured, then you will find for the plaintiff, and assess her damages (if any) at such sum as the evidence shows is a full, fair and just compensation for the injuries (if any) sustained by her, considering their nature and character as shown by the evidence, and not exceeding the sum of $20,000 which is the amount claimed by plaintiff in her petition."

The objection that, in submitting to the jury the question of whether or not the step was defective, the instruction enlarged the issues made by the evidence is hypercritical. There is no thought in the evidence of a defect in the step and the contention of plaintiff throughout has been that the hole in the end of the board, together with the step under the hole, constituted a dangerous defect. That is the hypothesis of the instruction and we do not believe the jury could have felt

authorized to find for plaintiff on any other ground than that of a defect in the sidewalk plank. We must give the jury credit for possessing an ordinary amount of common sense and should not infer that they would go outside of the evidence to place a strained construction on the language employed in the instructions of the court.

Further, the instruction is criticised on the ground that it "imposed upon the defendant a degree of care that exceeded the requirements of the law" in telling the jury "that it was the duty of the defendant to keep said sidewalk and steps at said point in such a condition reasonably safe for the use of the public," etc. The instruction must be read as a whole and when so read it clearly and correctly defines the duty of defendant, which was that of exercising reasonable care to maintain the sidewalk in a reasonably safe condition for public use. It is not permissible to select isolated parts of an instruction and infer that the jury discarded the remainder and were misled by what would be error in the selected part if it were not qualified by its context.

Other criticisms of this instruction have been considered and are found to be without merit.

III.   Defendant asked the court to instruct the jury "that if they believe from the evidence that the injury received by plaintiff was received at a place where there was a step down in said sidewalk, and that plaintiff at the time and place knew there was such a step down, then it was the duty of plaintiff in passing along the point in such sidewalk to have exercised a higher degree of care than was required of her in passing along a sidewalk where there was no such step down."

The court properly refused that instruction. A "higher degree of care" means extraordinary care since the comparative adjective necessarily must refer to ordinary care. Plaintiff was required to exercise only ordinary care in going down the steps. Such care, doubt-

less, would prompt an ordinarily careful and prudent person of the age and weight of plaintiff to move more cautiously and with more attentiveness in descending steps than would characterize his progress along a level sidewalk, but in each instance his conduct would be the exercise of only reasonable care, since it would differ in no degree from that to be expected by a reasonably careful person in such situation. Just why plaintiff should be marked as one who should exceed in carefulness the theoretical "ordinarily careful and prudent person" is not apparent. She was required to conduct herself only in a manner demanded of a person of ordinary prudence in the circumstances of her situation.

The judgment is affirmed. All concur.