STATE OF MISSOURI at the relation of the CITY OF JEFFERSON, a Municipal Corporation, Relator, v. HOPKINS B. SHAIN, EWING C. ELAND and ROBERT M. REYNOLDS, Judges of the Kansas City Court of Appeals and ANNA BORNHOFT.—124 S. W. (2d) 1194.

Division One, February 8, 1939.

*John O. Bond* for relator.

*Irwin, Bushman & Buchanan* for respondent.

60

DOUGLAS, J.—This is a proceeding in certiorari to review the opinion of respondents in the case of Anna Bornhoft v. City of Jefferson, published in 118 S. W. (2d) 93, for conflict with the controlling decisions of this court.

Anna Bornhoft brought suit against the City of Jefferson for damages for personal injuries sustained by her while walking on a sidewalk maintained by the defendant City. She was thrown from her balance and her foot sprained by a step-off or depression in the sidewalk caused by one block or section of the sidewalk being lower than the other. She recovered judgment below which was affirmed by respondents in the opinion before us for review.

Relator had complained of an instruction given for plaintiff and now claims that respondents' ruling on it is in conflict with our decisions. The instruction, No. 4, was as follows: "The Court instructs the jury that if you find and believe from the evidence that plaintiff, while exercising ordinary care for her own safety, was injured while walking along and upon defendant's sidewalk by reason of the defective condition of said sidewalk, if you so find, and that defendant knew or by the exercise of reasonable care could have known of such condition of the sidewalk in time by the exercise of reasonable care to have repaired same prior to January 5, 1937, then you may find the issues for the plaintiff, notwithstanding the fact that she knew beforehand the condition of the sidewalk and had from time to time passed over the sidewalk with safety to herself.' In ruling on the instruction respondents said: "The defendant likewise complains of Instruction No. 4 for the plaintiff as erroneous in that it omits the essential requirement to find that the sidewalk in question was not maintained in a reasonably safe condition and permits a verdict for the plaintiff if the jury should find only that the sidewalk was defective.

"Instruction No. 4, like Instruction No. 1 for the plaintiff, purports, to cover the whole case and to direct a verdict for the plaintiff. The instruction standing alone is subject to the complaint made by the defendant. It is at least indefinite, ambiguous, and misleading. It is not sufficient to require that the sidewalk be found defective, but it must have been found that the sidewalk was not in a reasonably safe condition. The instruction authorized a finding based upon a defect, whether one of a dangerous nature or one of a slight nature. It should have been so drawn as to permit a recovery only upon a defect of a dangerous character and one rendering the sidewalk not reasonably safe and have excluded a defect of a trivial or slight nature. [Robertson v. Wabash Ry. Co., 152 Mo. 382, l. c. 392 and 393, 53 S. W. 1082; Squires v. Kansas City, 100 Mo. App. 628, 75 S. W. 194, supra.]

"It is insisted by the plaintiff, however, that Instruction No. 4 is to be read in connection with the plaintiff's Instruction No. 1 and the defendant's Instruction D and that, when so read, the omission therefrom is supplied."

After quoting from the case of Jenkins v. Missouri State Life Insurance Co., 334 Mo. 941, 69 S. W. (2d) 666, the respondents continued:

"In State ex rel. St. Joseph Belt Ry. Co. v. Shain et al. (Mo.), 108 S. W. (2d) 351, l. c. 354, 355, the above quotation from Jenkins v. Missouri State Life Insurance Company, supra, is approvingly set out. It is there held that, where an instruction is asserted to declare a contrary doctrine to other instructions, it is erroneous to the extent that the error in its giving is incurable. Referring to the Jenkins case and other cases cited in the brief in that case, the opinion therein says that the Jenkins case and many others cited by both relator and respondents stress instructions that omit an essential element and authorize a verdict. Where an instruction does that, all of the cases say that the error is incurable. On the other hand, as the Jenkins case points out, where standing alone an instruction authorizing a verdict is merely indefinite, ambiguous, and misleading and these defects are cured by other instructions so that, when all are read together, the law of the case is sufficiently stated, then the error in the one instruction is not reversible.

"Instruction No. 4, under the rules noted from the above opinions, is not to be regarded as setting forth a misdirection but merely as being indefinite, ambiguous, too general, insufficient in direction, and misleading and, standing alone, as erroneous; and the errors therein are to be considered cured by Instructions 1 and D, which are definite and certain in their terms and directions; and it is to be considered that, when all three are read together, the law of the case is sufficiently stated. The error in Instruction No. 4 is therefore not reversible. While not fully adopting the directions and requirements

of Instructions 1 and D, it does not negative them and may be regarded as harmonizing with such requirements. It is not contradictory of such instructions or subject to the charge of a positive misdirection. The defendant's contentions with respect to such instruction are ruled against it.''

■ It will be seen that the effect of the above ruling, that the giving of Instruction No. 4 was not reversible error, is that (1) the instruction which purports to cover the whole case and to direct a verdict for the plaintiff authorized a finding based on a mere defect in the sidewalk whether dangerous or not; (2) that this instruction is not to be regarded as a misdirection (3) but is to be regarded only as being indefinite, ambiguous, insufficient and misleading (4) and is cured when read in connection with another of plaintiff's instructions and (5) with one of defendants' instructions. We find that respondents' opinion conflicts with our decisions in all the above respects.

In Taylor v. Kansas City, 342 Mo. 109, 112 S. W. (2d) 562, we held that a city was not liable for merely a defective sidewalk but that the defect must be one to cause a condition not reasonably safe or one dangerous to travelers. We there said: ''It follows that a municipality is not required to keep its streets and sidewalks in such an absolutely safe and perfect condition as to preclude the possibility of accidents and insure safety of travelers thereon under all circumstances, and is not liable 'for every defect or obstruction, however slight or trivial, or likely to cause injury, or for every mere inequality or irregularity.' therein.''

While the opinion of respondents declares that the instruction ''should have been so drawn as to permit a recovery only upon a defect of a dangerous character and one rendering the sidewalk not reasonably safe and have excluded a defect of a trivial or slight nature,'' yet it rules that this instruction which permits recovery for merely a defective condition is only ''too general, insufficient in direction and misleading.''

It is important in this case to keep in mind the fact that the sidewalk was defective was undisputed. The opinion states that the evidence showed that from all the testimony about the depth of the step-off there was a range of from one and one-half to four inches. That the defect was undisputed is an additional reason which demonstrates that an instruction which requires the jury only to find that the sidewalk was defective, was positive misdirection.

In the case of State ex rel. St. Joseph Belt Railway Company v. Shain et al., 341 Mo. 733, 108 S. W. (2d) 351, supra, cited by respondents, we held that generally a positive misdirection in any instruction materially affecting the merits is reversible error even though there be other instructions correctly declaring in the law.

■ We are not bound·by respondents' conclusion that the instruction is not a misdirection. In a review for conflict we are bound by the Court of Appeals' conclusion concerning what the facts in the case were, but not by its conclusion reached by applying the law to the facts where we have reached·a different conclusion in applying.the law to a similar state of facts. [State ex rel. Golloday v. Shain, 341 Mo. 889, 110 S. W. (2d) 719.] Therefore, we hold that such ruling of the respondents that recovery may be had because of a mere defect in the sidewalk is in conflict with Taylor v. Kansas City, 342 Mo. 109, 112 S. W. (2d) 562, supra. It follows that the instruction was positive misdirection and constituted reversible error.

Respondents have ruled that the instruction in question purports to cover the whole case and to direct a verdict for the plaintiff and that it has omitted the necessary element that the defect was not reasonably safe which would have fixed defendant's liability for negligence but such omission may be cured when read with an instruction of defendant.

■ We find a similar state of facts in State ex rel. Long v. Ellison, 272 Mo. 571, 199 S. W. 984. There we said: "The court then undertakes to point out how the omission of this instruction was cured by two instructions given for defendant. In other words, the Court of Appeals says that this instruction for plaintiff did not require the jury to find the defendant guilty of certain negligence, which negligence was the very essence of plaintiff's case, and without which plaintiff had no case. The character of this instruction must not be overlooked. It is an instruction intended to cover the whole case for the plaintiff. It requires the jury to find certain·things, and then says to the jury that, if you do find such things, you will find for plaintiff. In an instruction of this kind the Court of Appeals finds that a necessary element of plaintiff's case is not presented to the jury at all. Before plaintiff was entitled to·recover, it was necessary for the jury to say that certain acts of the defendant constituted negligence, and this question of negligence or no negligence was not submitted to the jury, as found by the Court of Appeals, and yet a direction was given to find for plaintiff. Such a defect in such an instruction, if there is such defect, *cannot be cured by any instruction given for the defendant.* . . .. In the case at bar the instruction which directed a verdict for plaintiff left out of consideration one of the vital facts necessary to be found before a recovery could be had, and when such occurs in an instruction purporting to cover·the whole case, as here, *an instruction for defendant requiring a finding of that fact does not cure the plaintiff's instruction, but conflicts therewith.*" (Italics ours.)

In the case of Biermann v. City of St. Louis, 120 Mo. 457, 25 S. W. 369, the facts are strikingly similar to those here·and our ruling directly in point. That was a sidewalk case where the injuries were

caused by a sudden step-off or perpendicular rise in the sidewalk. This condition of the sidewalk was undenied. The defendant made the point that plaintiff's instruction was in conflict with its instruction which told the jury that defendant was not obliged to keep its sidewalks perfectly level. We held that there was no conflict because plaintiff's instruction positively required the jury to find that the rise in the sidewalk should be "dangerous to travelers." From this ruling the conclusion must follow that had plaintiff's instruction omitted the element that the defect must be a dangerous one (as in the instant case), then its instruction would have been in conflict with defendant's and not cured by it. Respondents' ruling in the opinion before us that plaintiff's instruction, when read in conjunction with defendant's instruction is cured, conflicts with these decisions and others upholding the rule announced. The rule announced in State ex rel. Long v. Ellison, supra, is well established and approved by this court. [See Connole v. East St. Louis & S. Ry. Co., 340 Mo. 690, 102 S. W. (2d) 581; McDonald v. K. C. Gas Co., 332 Mo. 356, 59 S. W. (2d) 37; Macklin v. Fogel Const. Co., 326 Mo. 38, 31 S. W. (2d) 14; State ex rel. Security Ins. Co. v. Trimble et al., 318 Mo. 173, 300 S. W. 812; Hall v. Manufacturers' Coal & Coke Co., 260 Mo. 351, 168 S. W. 927; Wojtylak v. Kansas & Tex. Coal Co., 188 Mo. 260, 87 S. W. 506.]

The respondents have also ruled that the instruction complained of may be read in conjunction with another of plaintiff's instructions and by so doing the omission would be thereby remedied. However, we have held otherwise in Hall v. Manufacturers' Coal & Coke Co., supra. That case was an action for damages for personal injuries to a miner caused by the fall of a part of a roof. The question was whether the assurance made to the plaintiff by the defendant that the roof was safe constituted negligence. This court held that an instruction was error which undertook to cover the whole case but did not require the jury to find if the assurance was negligent and that this error was not cured by another of plaintiff's instructions which undertook to set forth what facts would constitute negligence in making the assurance relied on. In view of this decision, we hold the ruling of respondents, permitting the instruction complained of to be cured by another of plaintiff's instructions, to be in conflict.

Respondents state that the instruction is indefinite and ambiguous and therefore comes under the rule in the case of Jenkins v. Missouri State Life Ins. Co., 334 Mo. 941, 69 S. W. (2d) 666, supra, which holds that when such is the case there is no conflict between the instructions and that other instructions may cure the indefiniteness and ambiguity. However, the rule requires that such an instruction must require the finding of all essential elements of the plaintiff's case. Then if it states some of these elements indefinitly or ambiguously an instruction on the part of the defendant which clearly and specifi-

cally requires the finding of the essential elements does not conflict with the plaintiff's instruction but instead makes it clear and definite. When all the instructions thus harmonize and when read together correctly state the law, any such indefinite, ambiguous or misleading language is cured by the other instruction. [See McDonald v. Kansas City Gas Co., 332 Mo. 356, 59 S. W. (2d) 37; Smith v. Southern Ill. & Mo. Bridge Co., 326 Mo. 109, 30 S. W. (2d) 1077; Schultz v. Schultz, 316 Mo. 728, 293 S. W. 105; Jablonowski v. Modern Cap Co., 312 Mo. 173, 279 S. W. 89; Emory v. Emory (Mo.), 53 S. W. (2d) 908.] We find the instruction to be neither indefinite nor ambiguous but be that as it may the respondents cannot rely on the rule expressed in the Jenkins case because they find that the instruction omits an element essential to plaintiff's case. The defect in the sidewalk being undisputed, as we have pointed out, the very issue which the jury should have been required to find, as respondents point out, was: Despite such defect, was the sidewalk still in a reasonably safe condition? The ruling of respondents is not supported by the Jenkins case but conflicts with it.

■ It is argued on behalf of the respondents that by the use of the words "the defective condition" in the instruction under examination, the instruction referred to such condition as was described in another of plaintiff's instructions and that the use of the definite article "the" clearly demonstrate this. We have held in Macklin v. Fogel Construction Co., 326 Mo. 38, 31 S. W. (2d) 14, supra, that an instruction "which omits to include, in express terms, all the elements necessary to a directed verdict, but nevertheless directs a verdict, is not erroneous if it properly refers to and incorporates within its terms, other given instructions which properly submit such omitted elements." The instruction before us does not fulfill this condition.

■ It is also argued that the instruction merely authorized a verdict, it did not direct one. We said in the St. Joseph Belt Ry. Co. v. Shain et al., case, supra, that it "and many others cited by both relator and respondents, stress instructions that omit an essential element and *authorize* a verdict. Where an instruction does that, all the cases say that the error is incurable." This is quoted in respondents' opinion. There seems to be no distinction drawn in this regard, nor do we discern any, between instructions which direct a verdict and those that authorize one.

For reasons we have stated so much of the opinion as rules that the giving of Instruction No. 4 was not reversible error and any order based thereon should be quashed. It is so ordered. All concur.