**SCHAEFER v. KANSAS CITY.**

No. 22020.

Kansas City Court of Appeals.

Missouri.

June 14, 1954.

. David M. Proctor, John J. Cosgrove, J. L. Parks, Kansas City, for appellant.

A. B. Couch, Haskell Imes, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff sued Kansas City, Missouri, for damages growing out of injuries she received when she stepped into a hole in a sidewalk over which she was walking.

Verdict was for plaintiff in the amount of $6,500. From a judgment thereon defendant appeals.

Plaintiff was walking along the north side of 31st Street, between Forest and Troost, on June 30, 1950, when she stepped into a hole in the sidewalk. It was described in evidence as having a depth of about 2 inches. It was about 24 inches in length and 10 inches in width. She fell and suffered severe injuries.

Mr. Beck, defendant's sidewalk inspector, testified to the effect that, in October or November, 1949, he inspected the sidewalk to the east of this sidewalk, on the north side of 31st Street; that he found the sidewalk in front of this property defective and reported same to defendant; that he repaired same in August, 1950. He refused to state that he remembered noticing this particular defect at the time of the inspection but stated that he remembered it from and after making repairs on the sidewalk "just east of this on the same side of the street"; that he repaired this defect at the same time; that he did not remember whether or not he reported this particular spot, that he did not remember how far back west he went on this sidewalk in reporting it to be hazardous; that the sidewalk, when constructed, had a hard finish but was of softer material under the finish, and that the hard finish had broken through in places due to weather and traffic.

Defendant's sole claim of error is that plaintiff's Instruction 3 enlarges the duty imposed by law on defendant relative to maintenance of sidewalk by omitting a necessary element of liability. The instruction complained of is as follows:

"The court instructs the jury that the defendant, Kansas City, Missouri, *is bound* to keep its streets, roads and sidewalks in a reasonable safe condition, taking into consideration the extent and character of their use, and those who use them have a right to assume that they are in such condition and may use them accordingly, and

this plaintiff had a right to assume that said sidewalk upon which she was traveling on the day she was injured, if you find she was injured, was in a reasonably safe condition for her passage over it." (Italics ours.)

" 'The full measure of the duty of a municipality in reference to the maintenance of public streets and sidewalks *is that it exercise * * * ordinary care* to keep them in a *reasonably* safe condition for travel thereon by those who use them in the exercise of ordinary care.' " (Italics ours.) Palmer v. Kansas City, Mo.App., 248 S.W.2d 667, 669.

Measured by this rule, plaintiff's Instruction 3 is erroneous in that it lays a greater burden on defendant than the law requires. In Essenpreis v. Elliott's Department Store Co., Mo.App., 37 S.W.2d 458, 459, 462, a case dealing with the obligations of a land owner to an invitee, an instruction similarly worded was held to be not prejudicially erroneous because the unsafe condition which was alleged to have caused the injury was one created by defendant, not one created by an outside agency; that, therefore, it was unnecessary to require proof, or a finding, that defendant had failed to exercise ordinary care to keep the premises in a reasonably safe condition, or to remedy same if it knew or should have known of such condition.

In the instant case there is no indication that defendant created the condition. There was evidence from which the jury might have found that the condition had existed for some time; but the instruction did not require the jury to find that defendant knew or should have known of the condition in sufficient time to have remedied it. On the contrary, the jury was told that defendant was "bound" to keep its sidewalks in a reasonably safe condition. In the Essenpreis case, supra, the court held that "bound" was no stronger than "it was the duty". However, in the instant case, it was not the absolute duty of defendant to keep its sidewalks in a

reasonably safe condition but only to exercise ordinary care to keep them in a reasonably safe condition. Therefore it was a misdirection to the jury, and erroneous. In Francis v. City of West Plains, 203 Mo.App. 249, 254, 216 S.W. 808, Judge Farrington stated that an instruction which declared it to be the unqualified and absolute duty of a city to keep its sidewalks in a reasonably safe condition for use of pedestrians, was prejudicially erroneous, although the instruction further required a finding to the effect that the unsafe condition complained of had remained in that condition for a sufficient time so that defendant knew or could have known of said condition in time to have remedied it. But, in the case at bar, no such last mentioned finding was required in Instruction 3.

In Albritton v. Kansas City, 192 Mo.App. 574, 577, 188 S.W. 239, 241, this court held plaintiff's main instruction to be prejudicially erroneous because it declared the city's duty to be "to keep its sidewalks in a reasonably safe condition for travel," saying that its duty is to *exercise reasonable care* to keep them in such condition. It is noted that the author of the opinion in the Albritton case, held, in a previous decision, Kelley v. Kansas City, 153 Mo.App. 484, 491, 133 S.W. 670, that such language in an instruction was not reversibly erroneous because the instruction, as a whole, correctly defined defendant's duty. In the instant case, no language is used in plaintiff's main instruction declaring defendant's duty.

There can be no doubt but that the instruction is misleading and erroneous. It constitutes a misdirection.

Plaintiff cites and relies on a number of cases which, she claims, sustains her contention that the instruction is not erroneous. In Hestand v. Hamlin, 218 Mo.App. 122, 129, 262 S.W. 396, this court approved an instruction very similar to that here considered, stating that it properly declared the law. The decision is in conflict with decisions of the Supreme Court, and of this Court. In Burgess v. Kansas City, Mo.App., 242 S.W.2d 591, 592, we

quoted with approval from Benton v. St. Louis, 217 Mo. 687, 700, 118 S.W. 418, where it was said that it is the city's "bounded" duty to keep its streets free from defects *caused by itself*, or by third parties if it had notice thereof in time to abate the nuisance. That is good law; but it does not aid plaintiff. The opinion in the Kelley case, supra, was prepared by the same judge who, in the later Albritton case, supra, ruled the instruction to be prejudicially erroneous. The instruction approved in Robertson v. Wabash R. Co., 152 Mo. 382, 388, 53 S.W. 1082, as a whole, properly declared the law. In State ex rel. City of Jefferson v. Shain, 344 Mo. 57, 124 S.W.2d 1194, 1196, the court held that the instruction directed a verdict, was a misdirection, and was erroneous and incurable. In Fath v. City of Cape Girardeau, Mo.App., 115 S.W.2d 75, 76, a similar instruction was condemned.

■ Plaintiff says that if Instruction 3 is erroneous, it is an abstract declaration of law and the error was cured by plaintiff's Instruction 1, which required the jury to find every fact necessary to be found to justify a verdict. That is what the Springfield Court of Appeals held in Wagner v. Webb City, Mo.App., 168 S.W. 2d 596, 598. The author of that opinion cites Albritton v. Kansas City, supra, and Francis v. City of West Plains, supra, as holding the instruction to be erroneous but, without citing any authority therefor, simply stated that, since it was an abstract declaration of law and plaintiff's main instruction (as does plaintiff's main instruction in this case) required the jury to find every material fact necessary to be found in order to find for plaintiff, the error was thereby cured.

That decision is in direct conflict with the latest controlling decisions of the Supreme Court. Instruction 3 was a positive misdirection affecting the merits of the case. Such errors in any instruction may not be cured by other instructions. State v. Shain, supra, 124 S.W.2d at page 1196; State ex rel. St. Joseph Belt R. Co. v. Shain, 341 Mo. 733, 108 S.W.2d 351, 355; Lefkowitz v. Kansas City Public Service Co., Mo.Sup., 242 S.W.2d 530, 534. The last above cited decision was handed down by the Supreme Court in 1951.

The instruction was designed to inform the jury on the applicable law and, instead, it misinformed them. Instead of clarifying the issues it brought about a contradiction. Instead of aiding the jury it confused and misled them in a positive manner, not through ambiguous or unclear language. "Error is presumptively harmful and it devolves upon the party who commits it to show that it could not *possibly* have resulted in injury." (Italics ours.) State v. Shipley, 174 Mo. 512, 516, 74 S.W. 612, 613; State v. Saunders, 288 Mo. 640, 655, 232 S.W. 973.

■ Instructions which are abstract declaration of law, such as No. 3, are not favored and, if given, should correctly declare the law. Plaintiff wanted this instruction given because of its persuasive effect with the jury. We must presume that the jury paid some attention to it and that it had some effect on their minds. State v. Byrnes, 238 Mo.App. 220, 177 S.W.2d 909, 913. If it had any effect, it was positively prejudicial.

The judgment should be reversed and the cause remanded.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded.

All concur.