JOHN W. HESTAND, Respondent, v. B. HAMLIN et al., Appellants.[*]

Kansas City Court of Appeals. May 26, 1924.

1. **TRIAL PRACTICE: Demurrer: On Demurrer Plaintiff's Evidence Accepted as True and if Substantial Issues are Properly Submitted to Jury.** In consideration of demurrer to plaintiff's evidence, such evidence must be accepted as true, and if found to be substantial, the questions at issue are properly submitted to the jury.

2. **MUNICIPAL CORPORATIONS: Negligence: Contributory Negligence of Blind Pedestrian Injured by Falling into Excavation Held for Jury.** Where plaintiff, a blind man, while walking unattended along a street crossing and sidewalk which had been excavated for a sewer and of which he had been warned but did not know its exact location or existence near crossing fell into the same at a point in close proximity to the crossing, *held* that question of his contributory negligence was for the jury.

3. ———: ———: **Care to be Exercised by City Toward Blind Persons Using Its Streets Stated.** In the maintenance of its streets and sidewalks a city is bound to keep the same in a reasonably safe condition for public travel and is not required to exercise a higher degree of care as to blind persons than is required for the safety of pedestrians in general nor is it the duty of the city to anticipate the presence upon its streets of blind persons unattended.

4. ————: Instructions: Instructions on Degree of Care of Blind Person While Using Street Held Not Argumentative and to Properly Declare the Law. In an action for personal injuries received by blind pedestrian from falling into sewer excavation in close proximity to a street crossing instructions for plaintiff *held* not argumentative and to properly declare the law.

5. INSTRUCTIONS: Where Plaintiffs Instructions Properly Declared the Law, the Giving of Improper Instructions for Defendant in Conflict Therewith was Error Defendant Could Not Take Advantage of. Where instructions given for plaintiff properly declared the law, the giving of instructions for defendant in conflict therewith was error of which defendants could not take advantage.

*Headnotes 1. Trial, 38 Cyc., p. 1543; 2. Municipal Corporations, 28 Cyc., p. 1511; 3. Municipal Corporations, 28 Cyc., p. 1363; 4. Municipal Corporations, 28 Cyc., p. 1517, Trial, 38 Cyc., p. 1600; 5. Appeal and Error, 4 C. J., Section 2619.

Appeal from the Circuit Court of Pettis County.—*Hon. Dimmitt Hoffman,* Judge.

Affirmed.

*D. W. Peters* for respondent.

*J. B. Gallagher* for City of California, appellant.

*Embry & Embry* for B. Hamlin, appellant.

ARNOLD, J.—This is a suit in damages for personal injuries. Plaintiff, a blind man, lived in the city of California, Mo., where he was engaged in the restaurant business.

The city of California, a city of the fourth class, has two thoroughfares running north and south, known as Oak and High streets, the latter being one block east of the former, and on each side of said streets are concrete sidewalks four feet in width for the use of pedestrians. Near the station of the Missouri Pacific railroad in said city is a cross street called Smith which runs east and west and intersects Oak and High streets at right angles.

Smith street also has concrete sidewalks on each side, so that pedestrians going north from that street may use either Oak or High street.

Plaintiff's place of business was on the north side of Smith street, nearer Oak than High street, and it was his custom to go eastward from his place of business to High street, thence north on the west sidewalk thereof to the post office and the places of business where he usually purchased his supplies. One block north of Smith street and running parallel thereto is Howard street, which also intersects both Oak and High streets at right angles. The sidewalk from Smith street crosses Howard street, the crossing being the same width as the sidewalk, and in the same manner extends north on the west side of High street to the city proper.

·At the time of the injury, a church edifice was under construction at the ·corner of Howard and Oak streets and on the north side of the former. Defendant Hamlin was .engaged in making a sewer connection for said church building with the main sewer manhole located at or near the center of the intersection of Howard and High streets, for which it was necessary to dig a small ditch in Howard street eastward from the church. In order to lay the sewer pipe it was necessary to project the ditch under the four foot crossing above referred to. The said ditch was from two and one-half to four feet in depth and about two feet wide, though the witnesses differed somewhat on this point.

On the day preceding the injury plaintiff went north over the crossing to the business portion of the city. On reaching the crossing over Howard street and hearing the noise of men digging on the east side of the crossing toward the manhole, plaintiff stopped, inquired what was being done and was told of the purpose of the digging. On the morning of the day of the injury, plaintiff, unattended and using his cane to feel his way along, passed over the crossing where the work was being done, went to the post office and other points located north, and re-

turned over the crossing in safety. Again, on the morning of said day plaintiff started north on a second trip, at which time the ditch was open on each side of the crossing and was near the said crossing on the west side thereof. Plaintiff again talked to the men employed at digging the ditch and again was told that they were digging a sewer ditch, and on this occasion plaintiff crossed in safety both going and coming.

About noon of said day, plaintiff again started north over the same route and in passing over the ditch, or immediately after he had crossed over, he lost his balance, fell into the ditch on the west side of the crossing and was injured. Upon being assisted from the ditch, he went on north to the office of a physician who put some adhesive strips on the muscles of his side, alleged to have been injured. Plaintiff testified that the physician administered some medicine to him afterwards and that it required about seven months for his hand which was bruised and lacerated to heal. This physician who was plaintiff's witness testified that after placing the strips of adhesive plaster upon plaintiff's side, he gave plaintiff medicine for rheumatism, or other similar ailment.

The charge of negligence in the petition is ''that said sidewalk at the point where the said deep and wide excavation passed under it at said intersection of High and Howard streets in defendant city, was left unguarded by the defendants and each of them, and was dangerous to pedestrians traveling along and on said sidewalk and street at said intersection; that said sidewalk had been and remained unguarded for a long time prior to the said 22d day of June, 1921, which defendants and each of them knew of, or might have known of, by the exercise of ordinary care and caution; but that the said defendants and each of them, their servants, agents and employees, negligently and carelessly permitted the same to remain in said dangerous condition to the traveling public. . . . That by reason of the carelessness and negli-

gence of said defendants, and each of them, in leaving said sidewalk in said dangerous and unguarded condition as aforesaid, and as a direct result thereof, plaintiff was injured on the head, arms and limbs, and sustained a severe strain of his spine, and has suffered great bodily pain from the shock inflicted by said fall into said wide and deep excavation, and has been permanently injured by reason thereof, and has lost time from his business, and has been compelled to pay out large sums of money in an effort to get himself cured, to his damage in the sum of $2500 for which defendants and each of them by their gross carelessness and negligence are liable.''

The defendants each filed answer making general denial, and for further answer each charges that plaintiff, at divers times prior to his alleged injury, passed along and over said crossing and well knew the condition thereof; that at the point mentioned in the petition the said crossing was four feet in width and in good and safe condition; that it afforded a safe thoroughfare for pedestrians, and at the time of the alleged injury was in constant use. Each answer contained a plea of contributory negligence in that plaintiff was blind and unattended, and had been warned of said excavation; that the crossing and sidewalk where the alleged injury occurred was in construction and dimensions of the uniform plan adopted by the defendant city. The reply was a general denial. A change of venue asked by plaintiff was granted by the court and the cause was tried in the circuit court of Pettis county, having been instituted in the circuit court of Moniteau county.

At the close of plaintiff's evidence and again at the close of all the evidence, an instruction in the nature of a demurrer was asked by defendants and by the court overruled. Judgment was for plaintiff and against both defendants in the sum of $200. Motions for new trial and in arrest being unavailing, defendants appeal.

The first charge of error is directed to the action of the trial court in overruling defendants' demurrers to the evidence. This charge requires some reference to the evidence on behalf of plaintiff, since the rule is well settled that in our consideration of a demurrer to plaintiff's evidence, such evidence must be accepted as true, and if found to be substantial the questions at issue are properly submitted to the jury.

Plaintiff's own evidence is to the effect that he knew the ditch was being dug; that when he spoke to the workmen about it, they gave him no information of the purpose of the excavation; that they did not answer him; that he passed over the crossing in question twice on the previous day and four times on the day of the accident, prior to its occurrence; that he had with him no guide or attendant, though he was blind; that he was accustomed to go about the city without a guide and was well acquainted with the streets; that while he knew the excavation was going on, he did not know of the existence of the hole on the west side of the crossing and its close proximity thereto.

The evidence shows that plaintiff lost his balance and fell into the excavation on the west side of the crossing. It may be accepted that blindness coupled with presence in public places of one so afflicted is not *per se* proof of negligence of such person, still it may not be said that defendants were required to exercise a higher degree of care as to such person than was required to be maintained for the safety of pedestrians in general; nor were they required to anticipate the presence upon the streets of blind persons unattended. All that the city was bound to do was to keep its streets and sidewalks in a reasonably safe condition for public travel, including the crossing in question. The evidence shows that the accident occurred about noon; that the crossing was four feet wide, and that the excavation both on the east and west sides thereof was in close proximity to said crossing.

As stated, plaintiff testified that while he knew persons were digging in the street, he had no information or warning of the close proximity of the excavations to the crossing. Considering the testimony adduced by plaintiff in the light most favorable to his cause of action, we cannot say that plaintiff was guilty of contributory negligence as a matter of law. The trial court was justified in overruling the demurrers and committed no error in submitting the question of plaintiff's contributory negligence to the jury, along with other issues in the case. Defendants cite Waldmann v. Const. Co., 289 Mo. 622, and Eisele v. Kansas City, 237 S. W. 873, in support of their contention on this point. We do not consider these cases in point. In the Eisele case, the plaintiff knew of the exact location of the excavation and had avoided it on the night previous to his injury, and he so testified. He was held guilty of contributory negligence. In the case at bar plaintiff testified that he did not know of the nearness of the ditch to the sidewalk. Therefore he could not have been expected to make an effort to avoid it.

Further it is urged as ground for reversal that instruction No. 1 for plaintiff is argumentative, that it im properly declares the law and is in conflict with instructions given for defendant. Said instruction reads as follows:

"The court instructs the jury that although plaintiff's injury occurred in the day time, and the plaintiff would have seen the defect, if any, and avoided it if he had been possessed of his eyesight, it does not follow that he must be regarded as not in the exercise of ordinary care and prudence because he attempted to pass along the street in question alone when he was blind, if you should find he was blind.

"You are further instructed that the term 'ordinary care and prudence' as used in these instructions, means the care that persons of ordinary prudence are accustomed to use under similar circumstances, and in determining whether the plaintiff, at the time he was injured,

if you find he was injured, was in the exercise of ordinary care and prudence, you are authorized to take into consideration his familiarity with the street, and period of time and frequency with which he had used it, if any, his custom to travel unattended, and the methods used by him for safety, if any, his fidelity and power gained over other senses or otherwise, if any, and all the circumstances of the case.''

We think the instruction is not argumentative and that it clearly declares the law in such case. Appellants, in their brief, fail to designate the instructions given for defendants with which this instruction is claimed to be in conflict. On examination we find no such conflict, and the question needs no further discussion.

It is also charged that instruction No. 2 for plaintiff is in conflict with the instructions given for defendants. Said instructions reads:

''The court instructs the jury that the defendant city of California is bound to keep its streets, roads and sidewalks in a reasonably safe condition, taking into consideration the extent and character of their use, and those who use them have a right to assume that they are in such condition and may use them accordingly, and this plaintiff had a right to assume that said sidewalk upon which he was travelling on the day he was injured, if you find he was injured, was in a reasonably safe condition for his passage over it.''

This instruction properly declares the law and if defendants' instructions are in conflict therewith, we hold the giving of them was error. Defendants may not be allowed to take advantage of error in instructions asked by them and given by the court. Citations on this point are unnecessary.

Complaint is made of plaintiff's instruction No. 3, on the ground that it required defendant Hamlin to put up guards, or barriers of some kind to warn travelers of the danger, and that if the jury found that plaintiff while a pedestrian upon said street and in the exercise

of ordinary care and caution fell into said excavation and was injured, then they should find for plaintiff. The case of Gessner v. Street. Ry. Co., is cited in support of this contention. We have examined this citation and find it has no application to the point urged. The instruction properly declares the law.

It is urged plaintiff's instruction No. 5 is argumentative and "flatly erroneous." In part it reads as follows:

"The court instructs the jury that if you find and believe from the evidence that High street, at the point in question, was a street much traveled and in use, the duty of the city in looking after its condition required greater diligence in seeing that it was reasonably safe for travel than if it had been but little used."

It cannot be charged with justice that the part of the instruction above quoted is argumentative. Nor do we find such charge can be sustained against the rest which, in effect, tells the jury that in arriving at a verdict, they may take into consideration the question whether the street on which the accident occurred was much traveled; whether the defect, if any, had existed a sufficient length of time to give the city constructive notice thereof, or by reasonable diligence it would have known of such condition. We fail to grasp the reasonableness of defendants' contention and see no reversible error in the instruction.

Instruction No. 6 is directed to the duty of the city to provide proper precautionary measures and properly declares the rule. It is not abstract and not open to such objection.

Lastly defendants urge that the giving of plaintiff's instruction No. 7 was error because it ignores the fact the plaintiff knew of the defect in the street, and that it improperly declares the law applicable to such situation. An examination of said instruction shows that it is not designed to cover the entire case and direct a verdict, but is directed to the question of actual constructive notice as applied to the city. We find it properly declares the rule and is not erroneous.. The case of Honea v. Rail-

road, 245 Mo. 621, cited by defendants is found not to be in conflict with this ruling.

Failing to find reversible error of record, the judgment is affirmed.

All concur.