MARY E. S. PATTERSON v. SAMUEL L. EVANS, Appellant.

Division One, January 3, 1914.

1. **INSTRUCTIONS: Conflicting: Error.** It is not the mere *conflict* of instructions which constitutes reversible error. In order for such conflict to work reversal there must be error in some instruction given over the losing party's exception.

2. ————: ————: **Curing Error: Exceptions.** A correct instruction given for a defeated litigant does not cure the error in a conflicting, incorrect instruction given over his exception.

3. **LIBEL: Province of Jury.** In all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the facts.

Patterson v. Evans.

4. ————: **Province of Court: Directing Verdict.** A trial court has no power to direct a verdict for a plaintiff in an action for libel, though it may compel a nonsuit or direct a verdict for defendant in a proper case.

5. **INSTRUCTIONS: To be Read Together.** Instructions must be read together, and appellate courts must proceed on the theory that they were so read by the jury.

6. **LIBEL: Province of Jury: Necessity for Qualifying Clause in Instructions.** In an action for libel the trial court is justified in instructing the jury as to what is libelous, and while it is better to include in such instructions the qualification as to the jury's right to determine the law for themselves, it does not follow that this qualification must, in all cases, appear in each instruction given on the general law of libel and the jury's duty under it.

7. ————: ————: ————: **Appearing Only in Those Given for Defendant.** In an action for libel the court instructed for plaintiff, without any qualification as to the jurors being the judges of the law in such cases, that, if they found the words were published by defendant and that they imputed unworthiness of credit to plaintiff when she was really worthy of credit, they would find for her. At defendant's request the court instructed the jury that they were the sole judges of the law of libel and whether the words used were libelous, and that if they found the words used were not libelous they would find for defendant. *Held,* sufficient. The instructions taken together could not have misled the jury and defendant was not injured by the failure to include the qualification in plaintiff's instruction. [Overruling Heller v. Pub. Co., 153 Mo. 205, so far as conflicting.]

8. ————: **Instructions: Meaningless Clause: Not Prejudicial.** Where in an action for libel the petition alleges the publication meant that plaintiff was unworthy of credit, dishonest and a dead beat, and the court instructed that there was no evidence that she was either dishonest or a dead beat, defendant was not prejudiced by an instruction for plaintiff that if the jury found the words were published by defendant and that they "imputed that plaintiff was unworthy of credit *or conduct which would prejudice her in her business or be injurious to her business standing,*" they would find for her unless they found she was not worthy of credit. Since the jury found for plaintiff they must, under the instruction, have found her worthy of credit; and the italicized clause, to which objection is offered, is but a meaningless jumble of words.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*Holmes, Holmes & Page* for appellant.

(1) This court has jurisdiction of this appeal, as the constitutional question is lodged herein of the construction of Sec. 14, article 2 of the Constitution of Missouri. Williams v. Railroad, 233 Mo. 666; Hanlon v. Pulitzer Co., 167 Mo. 124; Creve, etc., Co. v. Tamm, 138 Mo. 387; Logan v. Field, 192 Mo. 66. (2) Plaintiff's instruction 1 erroneously withdrew from the jury the question of libel or no libel, in violation of Sec. 14, art. 2 of the Constitution of Missouri. Heller v. Pub. Co., 153 Mo. 205; State v. Simpson, 136 Mo. App. 664; Grimes v. Thorp, 113 Mo. App. 652; Diener v. Chronicle Co., 230 Mo. 613; Sands v. Marquardt, 113 Mo. App. 495. (3) Plaintiff's instruction 1 erroneously permitted the jury to attribute to the publication a meaning not ascribed thereto in the petition or proof, and therefore not within the issues. Patterson v. Evans, 153 Mo. App. 684; Bank v. Armstrong, 62 Mo. 66.

*Lyon & Lyon* for respondent.

(1) Plaintiff's instruction 1 did not withdraw from the jury the question of libel or no libel in violation of Sec. 14, art. 2 of the Missouri Constitution, and even if it did, defendant is estopped to complain because his instructions D-14 and D-16 were guilty of the same error and are practically the converse of plaintiff's instruction 1. Mitchell v. Bradstreet Co., 116 Mo. 226; Minter v. Bradstreet Co., 174 Mo. 444; Harrington v. Sedalia, 98 Mo. 583; Reilly v. Railroad, 94 Mo. 600; Gordon v. Park, 219 Mo. 600; Stevens v. Crane, 116 Mo. 408; Greggs v. Land & Mining Co., 97 Mo. App. 44; Bridge Co. v. Brewing Assn., 129 Mo. 343; State v. Haines, 160 Mo. 555; Cook v. Printing Co., 227 Mo. 471, 538; McGon-

igle v. Daugherty, 71 Mo. 259; Davis v. Brown, 67 Mo. 313; Bank v. Armstrong, 92 Mo. 265; Ellis v. Railroad, 234 Mo. 657; Lange v. Railroad, 208 Mo. 475; Smart v. Kansas City, 208 Mo. 162; Church v. Railroad, 119 Mo. 203; Riggs v. Railroad, 216 Mo. 304; McMullen v. Railroad, 60 Mo. App. 238; Richardson v. Marceline, 73 Mo. App. 360; Overstreet v. Street, 154 Mo. App. 546; Bank v. Stewart, 160 Mo. App. 643; McCloskey v. Railroad, 162 Mo. App. 583. (2) It was proper to insert in plaintiff's first instruction ''that if you further believe from the evidence that said publication imputed that plaintiff was unworthy of credit or conduct which would prejudice her in her business of boarding house keeper or be injurious to her standing and credit as a business woman, then the jury will find,'' etc. (a) Plaintiff's instruction on this point has been expressly approved. Minter v. Bradstreet Co., 174 Mo. 444; Patterson v. Evans, 153 Mo. App. 684; Julian v. Star Co., 209 Mo. 90. (b) Even if this part of plaintiff's instruction 1 was error it was in defendant's favor and he cannot complain. Patterson v. Evans, 153 Mo. App. 684; Mitchell v. Bradstreet Co., 116 Mo. 226; Harrington v. Sedalia, 98 Mo. 583; Seawell v. Fort Scott Co., 119 Mo. 223; Paretti v. Rebenback, 81 Mo. App. 494; Cook v. Printing Co., 227 Mo. 471; Brown v. Printing Co., 213 Mo. 611; Berry v. Railroad, 214 Mo. 593; McHugh v. Transit Co., 190 Mo. 85; Summers v. Insurance Co., 90 Mo. App. 702. (c) As defendant has not brought up all the evidence in this case he cannot assert that this part of plaintiff's instruction was not confined to the proof. Phelps v. Zinc & Lead Co., 218 Mo. 581; State v. Brown, 75 Mo. 317; State v. Sevils, 105 Mo. 530. (d) As the publication is libelous *per se*, no innuendo is necessary and if one is given it may be rejected as surplusage and hence our petition is broad enough to cover this part of our instruction. Patterson v. Evans, 153 Mo. App. 684; Callahan v. Ingram, 122 Mo.

355; Minter v. Bradstreet Co., 174 Mo. 445; Dobbin v. Railroad, 157 Mo. App. 689; Hudson v. Garner, 22 Mo. 423; Pub. Co. v. Trade Journal, 108 Mo. App. 223. (e) The publication being libelous *per se,* no evidence as to the meaning of the publication was necessary and plaintiff had a right to fall back on the publication itself taken in its natural meaning in connection with other parts of the journal without the aid of extrinsic evidence. Patterson v. Evans, 153 Mo. App. 684; Minter v. Bradstreet Co., 174 Mo. 444; Julian v. Star Co., 209 Mo. 90; Academy v. Gaiser, 125 Mo. 517. (3) The verdict in this case was for the right party and should not be disturbed, for a new trial to defendant could only result in another verdict for plaintiff. R. S. 1909, sec. 2082; Stauffer v. Railroad, 243 Mo. 305; Moore v. Railroad, 176 Mo. 545; Orth v. Dorschlein, 32 Mo. 366; Mockowik v. Railroad, 196 Mo. 550; Peterson v. Transit Co., 199 Mo. 331; Crocker v. Mann, 3 Mo. 473; Gillespie v. Hendren, 98 Mo. App. 622; Wear v. McCorkle, 1 Mo. 588; Ittner v. Hughes, 133 Mo. 679; Homuth v. Railroad, 129 Mo. 629; Fritz v. Railroad, 243 Mo. 62; Cook v. Printing Co., 227 Mo. 471; Lipscomb v. Talbott, 243 Mo. 1; Berry v. Railroad, 214 Mo. 593.

BLAIR, C.—This is an appeal from a judgment for plaintiff for $2000 in an action for libel.

**Libel.** Jurisdiction vests in this court by reason of the presence of a constitutional question.

The petition upon which the case was tried alleges, among other things, that defendant caused to be published in the Edgar Merchants Exchange certain words and figures which are alleged to have imputed to plaintiffs' unworthiness of credit and dishonesty and that she was a "deadbeat."

In defendant's abstract of record it is stated that the evidence tended to prove, among other things, that defendant in causing such publication to be made

did so maliciously, wrongfully, without cause and for the sole purpose of destroying plaintiff's credit and branding her to the public as a person who did not pay her debts and for the purpose of humiliating plaintiff and forcing her to pay an unjust claim; that the publication was false and known by defendant to be so and that plaintiff's business, upon which she depended for a living, required large credit which, on account of this publication, was withdrawn and her business thereby destroyed.

With respect to defendant's evidence the abstract states merely that "defendant introduced evidence on his behalf and rested his case."

At plaintiff's request the trial court gave, among others, the following instruction:

"The court instructs the jury that if they believe from a preponderance of the evidence that plaintiff was on and after June, 1907, engaged in keeping a boarding house, and that plaintiff had established a reasonable credit in said business among the business men and merchants of Kansas City, Missouri, and Kansas, and was worthy of the confidence thus established, and that defendant caused to be published in the retail trade journal known as the Edgar Merchants Exchange in the month of June, 1907, and thereafter of and concerning the plaintiff the following words and figures, to-wit, '82 Patterson 9 Mrs. 3129 Bell, K. C. Mo. 2552;' that the number 82, according to the rules and instructions of said publication meant Kansas City, Mo., and the number 2552, according to the rules and instructions of said publication referred to said defendant, whose name appeared opposite that number on page 21 of said publication; that said publication all appeared under the general head of 'K. C. Mo. Reported Delinquents,' and if you further believe from the evidence that said publication imputed that plaintiff was unworthy of credit or conduct which would prejudice her in her busi-

ness of boarding house keeper or be injurious to her standing and credit as a business woman, then the jury will find for plaintiff, unless you further believe from the evidence that plaintiff was unworthy of credit at the time, said publication was made."

It is contended that this instruction (1) "withdrew from the jury the question of libel or no libel in violation of section 14, article 2 of the Constitution of Missouri," and (2) was erroneous because it included the words "conduct which would prejudice her in her business of boarding house keeper or be injurious to her standing and credit as a business woman."

I. Section 14 of article 2 of the Constitution provides that "in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the facts."

In recognition of this provision the trial court, at **Instructions.**    defendant's request, gave the following:

"The court instructs the jury that in a case of this kind it can give such instructions as it deems proper, but the jury are not only the sole judges of the weight to be given to the testimony and facts, but under the Constitution and laws of Missouri, you are yourselves the sole judges of the law of libel and as to whether the alleged publication was in fact libelous; and if you find that said article complained of was not libelous, you will find for the defendant."

There is, therefore, no complaint of a failure of the court, to inform the jury of its constitutional prerogative, but the contention is that plaintiff's instruction as set forth in the statement is erroneous and that the error in it was not cured by the instruction given for defendant since, it is insisted, the two directly conflict.

Questions very like that thus presented have heretofore been considered by this court and with varying results.

In Mitchell v. Bradstreet Co., 116 Mo. 226, the trial court had peremptorily directed a verdict for plaintiff, leaving only the amount of the damages to the jury. Defendant failed to ask an instruction to the effect that the jury were the judges of the law as well as the facts so far as the question of libel or no libel was concerned, and this court held that appellant was not, therefore, in a position to complain of the mandatory instruction.

In Minter v. Bradstreet Co., 174 Mo. 444, the trial court had instructed the jury, in substance, that the article was libelous in its nature and that if the publication was made and was untrue and imputed insolvency to plaintiff, then, unless it was found to be privileged, "defendant is liable to plaintiff for damages." Another instruction told the jury, in effect, that if the publication was made, was false and imputed insolvency to plaintiffs . . . then "plaintiffs are entitled to recover damages to be estimated under all the instructions in the case." Still another instruction told the jury that if the publication was made, was false, was not privileged and was calculated to have the effect before explained "then you should find the issues for plaintiff."

These instructions were assailed on the ground that they took from the jury the question whether the publication was libelous, thereby contravening the constitutional provision now invoked.

Responding to this assignment the court (l. c. 496) said:

"But defendant did not ask an instruction upon this phase of the case, nor is any such question raised in the motion for new trial, and must therefore be considered as waived. This same question was before this court in Mitchell v. Bradstreet Co., 116 Mo. 226,

and it was held, that while section 14, article 2 of the Constitution provides that 'in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the fact,' as 'no instruction of this character or presenting this phase of the case to the jury was asked by the defendant,' and as the trial court is not required in civil cases to give instructions when none are asked by the parties, no error was committed in its failure to do so. That it is proper for the court to so instruct the jury in libel cases when requested to do so, may be conceded, but no such request was made in this case. Moreover, as the question was not raised in the motion for new trial, it cannot be raised here for the first time.''

In this case counsel for defendant rely on the case of Heller v. Pub. Co., 153 Mo. 205. In that case the trial court directed a verdict for plaintiff, leaving to the jury, in that instruction, the question of damages only. The court also gave an instruction to the effect that while the court gave in the case such instructions as it deemed proper yet ''the jurors are not only the sole judges of the weight to be given to the testimony and the facts, but under the Constitution and laws of Missouri you are yourselves the sole judges of the law of libel as to whether the alleged libelous publications were in fact libelous.''

In that case this court held it was error to direct a verdict for plaintiff and that the instruction by which that was done and that last quoted were in direct conflict and the latter did not cure the error in the former.

In this last case it was said that the conclusion reached did not conflict with that in Mitchell v. Bradstreet Co., supra. In this connection the court said: ''What is said in that case'' (Mitchell v. Bradstreet Co.) ''on motion for rehearing must be taken in con-

nection with what was said on the first hearing about no such instruction having been asked, and with the fact that the power to direct a verdict was not challenged. So that case is not in conflict with the cases herein referred to, which deny that power to the court.''

A careful consideration of this statement has led to the conclusion that the court in the Heller case misapprehended the decision in Mitchell v. Bradstreet Co., supra. An examination of the record in this last mentioned case discloses that one of the grounds of the motion for new trial was that ''the court erroneously stated the law applicable to this case in the instructions given by the court.'' This being true, the question as to the correctness of the instruction directing a verdict was presented. When the court said in that case (116 Mo. l. c. 243) that ''no such question is made in the motion for new trial'' it had reference solely to the question of the failure of the court to give an additional instruction and did not intend to be understood as declaring that the correctness of the instructions *given* was not challenged. The court's remarks in the same connection in Minter v. Bradstreet Co., supra, are of a like import and were made upon like record conditions, except that in the Minter case the court did not direct a verdict, as in the Mitchell and Heller cases, but required the jury to find that the article published by defendant was false, imputed insolvency to plaintiff and was not privileged, and told them if they found these things they should find for plaintiff. The instructions, therefore, assumed that the publication, in these circumstances, was libelous.

The decisions in the Mitchell and Heller cases are in direct conflict and cannot be distinguished from each other.

It certainly could not be less erroneous to direct a verdict for plaintiff and fail to instruct the jury as to their prerogative to determine for themselves the question as to libel or no libel than to direct a verdict and in connection therewith instruct on that question. It is not the mere *conflict* of instructions which constitutes reversible error. In order for such conflict to work reversal there must be error in some instruction given over the losing party's exception.

**Conflicting Instructions.**

In that connection the rule simply is that a correct instruction given for the defeated litigant does not cure the error in a conflicting, incorrect instruction given over his exception. The Mitchell and Heller cases are not, therefore, distinguishable on any ground.

**Error.**

It is now well settled that a trial court has no power to direct a verdict for plaintiff in an action for libel though it may compel a nonsuit or direct a verdict for defendant in a proper case. This rule is that upon which *defendant's* counsel rely for a reversal of this judgment.

**Directing Verdict.**

The instruction assailed in the case of Minter v. Bradstreet Co., supra, is in principle like that questioned here, and that case is in point since the court, in that case, could have meant only that if the court had given an instruction like that given for defendant in this case it would have served the purpose of so supplementing the instruction given as to cause the two, read together, to correctly state the law under the constitutional provision there and here invoked.

In State v. Armstrong, 106 Mo. 395, the trial court instructed the jury, in principle, as the court did in the Minter case and in this and also gave an instruction like that given for defendant in this case as above set out, and the conviction was affirmed.

In Arnold v. Jewett et al., 125 Mo. 241, the court fully instructed the jury as to the law of libel as courts have defined it and then gave an instruction for defendant similar to that given for defendant in this case. Plaintiff, appealing from a judgment for defendant, assailed this instruction on the ground that the court in one instruction told the jury what the law was and then in the other told them they might disregard it. In that case, as in this, the trial court assumed the libelous character of the publication in some of the instructions and it was in fact libelous *per se* as that term is understood and applied by courts and text-writers. This court held that "As in duty bound, the court had instructed and directed them (the jury) fully into the law of the case, and then told them in the language of the bill of rights that they were the judges of the law of libel as well as the triers of the facts," and that while the form of the last mentioned instruction was unfortunate, all the others being in themselves correct and the jury having been allowed to say whether the circular was libelous, it was not disposed to reverse the judgment.

It then appears that this court, though afforded the opportunity, has not yet committed itself fully to the exact position which plaintiff's counsel take. The last decision dealing with the question (Minter v. Bradstreet Co., supra,) supports the conclusion that there was no error in the instruction in this case.

Instructions must be read together, and appellate courts must proceed on the theory that they were so read by the jury. The publication in this case has on a prior appeal (Patterson v. Evans, 153 Mo. App. l. c. 688) been held libelous *per se,* and counsel do not, perhaps could not, question the correctness of this conclusion on this appeal. It must be true, if it is libelous *per se* when judged by the law of libel as laid down by courts and as generally understood, that

**Instructions to be Read Together.**

the trial court would have been justified in informing the jury of the law in this connection, supplementing this with an instruction such as that given for defendant in this case. For under section 14 of article 2 of the Constitution, the jury are to determine the *law*
of libel "under the directions of the
court;" and that this provision does not
preclude the court advising the jury as
to what, under the law, is libelous cannot be doubted. It is better to include in instructions of this kind the qualification as to the jury's right to determine for themselves the law, but does it follow that this qualification *must*, in all cases, appear in each instruction given in which the court tells the jury what the general law of libel is and what their duty is under it? It is not suggested that there could, in the absence of the constitutional provision, have been any just complaint made of the instruction because the court told the jury therein what conclusion they ought to reach. The question, therefore, is whether the instruction given for defendant so modifies this phase of the instruction as to relieve it of the objection that it does not, in itself, inform the jury that the law is as stated and yet they are free to reach a different conclusion as to the law if they see fit.

Qualifying Instructions.

The express purpose of the instruction given for defendant is to qualify that given for plaintiff. It tells the jury, in effect, that so far as concerns the question of libel or no libel the court's instructions are not binding. It explicitly directs the jury to find for defendant if they find the article was not libelous. It refers directly to the instruction complained of and the others and unqualifiedly relieves the jury of all obligation to follow, upon the question of the libelous character of the publication, the instruction which is assailed because it did direct the jury, in effect, that that publication was libelous. Read together these

two instructions simply mean that under the law as courts understand it the publication is libelous, and under that law the duty of the jury is to find for plaintiff; but the jury are free to disregard that law on that question, are free to apply their own view *and their own law* thereon; and if they, exercising that right and under their own view of the law, yet conclude the publication is not libelous, they must find for defendant; but if they choose to adopt the law as given them by the court, or if they take a different view of the law and still conclude the publication is libelous, then it is their duty to find for plaintiff. This is what twelve reasonable men, such as jurors are, must have understood the two instructions to mean when they read them together; and it cannot be assumed the jurors ignored either instruction. If the jurors concluded the law on the question was different from that announced by the court and still were of the opinion the publication was libelous, it was undoubtedly their duty to find for plaintiff; and the court had a perfect right to tell them so. While the Constitution leaves the jurors free to make their own law on the question of libel or no libel, it does not authorize them to disregard both the law the court gives them and their own view of the law as well.

In so far, therefore, as the instructions are susceptible of the meaning that it was the jurors' duty to find for plaintiff if under any view of the law they found the publication libelous, they are objectionable.

"The jury, under the direction of the court, shall determine the law and the facts," is the language of the Constitution.

It was not intended by this clause to destroy altogether the protection the law of libel was designed to afford the reputation of the citizen. One who has been falsely charged with crime, for instance, has the absolute right to have the jury told that under the law this false charge is a libel. This the Constitution

guarantees him as fully as it guarantees to defend-
ants in libel cases the right to have the jury instructed
that they may disregard the court's views of the law
and determine for themselves the law on the question
of libel or no libel. Nor is it at all incumbent upon
the court to so frame its instructions as to lead the
jurors to believe they are under any obligation to dis-
regard the law as given them by the court. It is en-
tirely sufficient if they are advised of their right to
do so in so far as the one question is concerned. It
is necessary to give the jury the two ideas so that
they may be at once aware both of the law as it is
and of their right to disregard it but this does not
mean that the same sentence or paragraph necessarily
must contain both. In this case they were told the
law and then told they were not bound by the instruc-
tion stating it. It must be assumed the jurors read
these instructions, and how they could have read them
without grasping their own right and duty under them
is not perceived.

The case of Heller v. Pub. Co., supra, deals with
a case in which the jurors were flatly directed to find
for plaintiff and then subsequently given a qualifying
instruction.

It is true that much can be said in favor of the
conclusion that a strictly logical consideration of plain-
tiff's instruction (together with defendant's) tends to
the conclusion that there is no difference in principle
between it and an instruction directing a verdict for
plaintiff, supplemented by an instruction like that giv-
en for defendant, yet, practically, the qualifying in-
struction must much more forcibly claim the attention
of jurors when given in connection with plaintiff's
instruction than if given with one baldly directing a
verdict. It must be conceded that the better plan
would have been to have included in plaintiff's in-
struction a clause indicating its advisory character;
but, in the circumstances of this case, we have con-

cluded, after mature consideration, that the instructions, taken together, could not have misled the jury and that defendant was not injured by the failure to include such a clause in plaintiff's instruction. In so far as the decision in Heller v. Pub. Co., supra, conflicts with this conclusion it is overruled.

II.     Complaint is made of the inclusion in plaintiff's first instruction of the italicized
**Non-prejudicial** portion of the clause "and if you fur-
**Error in** ther believe from the evidence that said
**Instructions.** publication imputed that plaintiff was
unworthy of credit *or conduct which would prejudice her in her business of boarding house keeper or be injurious to her standing as a business woman."* Plaintiff's counsel attempted to copy this clause from an instruction approved in Minter v. Bradstreet Co., 174 Mo. l. c. 476. It is said this clause permitted the jury to find for plaintiff on the theory that the publication imputed to her "conduct which would prejudice her in her business," etc., and that this permission was too broad and included a meaning not ascribed to the publication in the petition. The petition alleges that the publication meant that plaintiff was unworthy of credit, dishonest and a deadbeat. The court instructed the jury that there was no evidence that the publication meant plaintiff was dishonest or a deadbeat.

Under the instructions thus assailed plaintiff was not entitled to recover if the jury believed she was unworthy of credit. Unworthiness of credit constituted a complete defense under this instruction. The jury, therefore, must have found plaintiff worthy of credit before they returned a verdict for her.

Grammatically construed the italicized clause is a meaningless jumble of words which could neither guide nor mislead a sensible juror. So construed it becomes "or (unworthy of) conduct," etc. It is difficult to conceive that this clause could have misguided

the jury in this case. The error in copying it from an approved instruction (in Minter v. Bradstreet Co., supra,) doubtless resulted from a mere slip of the pen, but that does not add to or subtract from the meaning of the words used. If it be conceded that the clause as intended to be used would have been erroneous, yet the clause as incorporated in the instruction is not of such character as to warrant the conclusion that defendant could have been prejudiced thereby; and it is only for prejudicial error that judgments are reversed. The judgment is affirmed. BROWN, C., concurs in paragraph one of the foregoing opinion but dissents from the second paragraph on the construction of that part of plaintiff's first instruction referred to therein, being of the opinion that it means that the publication was libelous if it imputed conduct which would prejudice plaintiff in her business as a boarding house keeper, or be injurious to her standing as a business woman, and that it authorized a recovery on that ground.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur; *Bond*, J., in the result only.