ELIZABETH MARGARET LAIBLE, Appellant, v. ROLLA WELLS, Receiver
of United Railways Company of St. Louis. — 296 S. W. 428.

Division One, May 24, 1927.

**1. ADMITTED CASE: Discussion of Conflict in Testimony.** On plaintiff's
appeal from a judgment for defendant it is not necessary to discuss alleged
conflict in the testimony, where defendant in its brief admits that the evi-
dence on behalf of plaintiff made a case for her for the jury.

**2. FALL: Violent Jerk: Testimony of Aged Woman.** The conception of a
woman seventy-two years of age of just how the accident occurred by which
she was thrown down in a street car may not be as clear as that of one of
less age, nor is it an easy matter for any one to tell just how he falls when
the car is suddenly and violently jerked.

**3. STREET CAR: Violent and Unusual Jerk: Necessary Incident.** To start
a street car with a violent and unusual jerk, or to cause a street car to give
a violent or unusual jar, jerk or jolt, or to accelerate the speed of a moving
car by a violent or unusual jerk, is negligence, because either places the
passengers in peril, and if injury to a passenger results therefrom the car-
rier is liable for damages. Nor is such violent and unusual jerk less negli-
gence because the operator thought such violent and unusual jerk was neces-
sary to the starting of the car, or to the acceleration of its speed.

**4. ———: ———: Instruction: Contradictory: Necessary Incident.** The
two paragraphs of an instruction, which in one charges the jury that "an
unusual or violent jerk or jolt is not that character of movement which is
ordinarily necessary in the operation of a street car," and in another tells
them that "if you find and believe from the evidence that the movement of
the car at the time in question was only such movement as is necessarily
incident to the operation of the car, even though it did amount to a jar, jolt
or jerk, nevertheless, the defendant would not be liable therefor, and your
verdict must be against the plaintiff and in favor of the defendant," are
inconsistent, misleading and prejudicial. The first properly defines negli-
gence, but the second omits "unusual or violent." Besides, the second
paragraph is erroneous, because "violent or unusual" jerks, jolts or jars do
not ordinarily accompany the starting of a street car, nor are such violent or

unusual jerks, jolts or jars "necessarily incident" to the operation of the car. The instruction in effect excuses defendant for "an unusual or violent jerk" if such jerk was a necessary incident of its operation, whereas the law requires the defendant to exercise the utmost care in starting or operating its car, so as not to jar or upset a passenger.

5. **STREET CAR: Violent and Unusual Jerk: Instruction: Misleading.** An instruction which, after stating that "the issue in this case is a simple one" and "the only question is whether or not the defendant negligently caused the street car to give a violent or unusual jar, jerk or jolt," proceeds, in the next paragraph, to say: "In this connection I charge you that an unusual or violent jolt or jerk is not that character of movement which is ordinarily necessary in the operation of a street car. In other words, the defendant is not liable if the movement of the car was only such movement as was necessarily incident to its operation or its starting," does not declare the law, and is misleading. The first sentence of the second paragraph, barring the inapt word "charge," says that a violent or unusual jerk or jolt is not ordinarily necessary to the operation of the street car, which is simply declaring as a fact what everybody knows, and correctly defines negligence; but the next sentence says that "the defendant is not liable if the movement of the car was only such movement as was necessarily incident to its operation or its starting," which is not the law, and which is misleading, because from those words the jury could and might well conclude that a violent or unusual jerk was a necessary incident to the operation or starting of the car. It does not declare the law, because it declares the defendant is not liable for an injury to a passenger by a violent and unusual jerk if such violent and unusual jerk was necessary, whereas the law is that the defendant must exercise the utmost care in starting or operating its street car, so as not to jar or upset a passenger.

Corpus Juris-Cyc. References: **Carriers,** 10 C. J., Section 1387, p. 973, n. 66; p. 974, n. 69; Section 1474, p. 1084, n. 72; p. 1085, n. 75. **Trial,** 38 Cyc., p. 1605, n. 69; p. 1646, n. 12.

Appeal from Circuit Court of City of St. Louis.—*Hon. Wilson A. Taylor,* Judge.

REVERSED AND REMANDED.

*E. J. Hullverson, Mark D. Eagleton* and *John S. Marsalek* for appellant.

The court erred in telling the jury, by defendant's Instruction 3, that the defendant was not liable if the movement of the car was only such as was necessarily incident to its operation or starting, even though it did amount to a jar, jerk or jolt. Dougherty v. Railroad. 81 Mo. 325; Miller v. Met. St. Ry. Co., 125 Mo. App. 416; Brady v. Traction Co., 140 Mo. App. 421; Gabriel v. Met. St. Ry. Co., 164 Mo. App. 56; Rhodes v. Mo. Pac. Ry. Co., 213 Mo. App. 515.

*T. E. Francis* and *W. H. Woodard* for respondent.

(1) A street car may be started after the passenger is safely aboard without waiting until the passenger is seated, absent notice

in law to the carrier of infirmities of the passenger. Yarnell v. Railroad Co., 113 Mo. 576; Barth v. Elevated Ry. Co., 142 Mo. 535, 550; Bobbitt v. United Rys. Co., 169 Mo. App. 429; Laycock v. United Rys. Co., 290 Mo. 344, 235 S. W. 91 (affirming 227 S. W. 885); Howard v. Louisville Ry. Co., 32 Ky. 309, 105 S. W. 932; Saunders v. Elevated Ry. Co., 216 Mass. 355, 103 N. E. 779; Martin v. Elevated Ry. Co., 216 Mass. 361, 103 N. E. 828; Flanagan v. Elevated Ry. Co., 216 Mass. 337, 103 N. E. 905; Sharp v. Ry. Co., 111 La. 395, 35 So. 614. (2) The passenger assumes the risk of injury caused by movements of the car necessarily incident to its operation. Provance v. Mo. Southern Ry., 186 S. W. 955; Farmer v. Ry. Co., 178 Mo. App. 579, 161 S. W. 327; Laycock v. United Rys. Co., 290 Mo. 344, 235 S. W. 91; Hite v. Street Ry. Co., 130 Mo. 132; Hedrick v. Railroad Co., 195 Mo. 104, 93 S. W. 268. (3) Instruction 3 correctly told the jury that the defendant was not liable for a movement necessarily incident to the operation of the car and could only be held for some unusual or violent movement, plaintiff being an able-bodied person in a position of safety in the car and the car being then moving. Laycock v. United Rys. Co., 290 Mo. 344, 235 S. W. 91; Bennett v. Street Railway Co., 180 S. W. 1051.

GRAVES, P. J.—Action for personal injuries alleged to have been received through the negligent operation of a street car by defendant, as Receiver of the United Railways Company of St. Louis. Plaintiff, an elderly lady, and her daughter boarded a southbound Grand Avenue car at the intersection of Grand Avenue and Chouteau Avenue, public streets of the city of St. Louis. This was on or about the 9th day of April, 1922, and this intersection was a regular stopping place for the reception and discharge of passengers. The negligence alleged in the petition is thus stated:

"And that plaintiff there boarded said car and became a passenger thereon, and said car, while in motion and before plaintiff became seated, suddenly and violently in a very unusual, extraordinary and unexpected manner, jerked, jarred, jolted and moved as a direct and proximate result of negligence and carelessness of defendant, his agents and servants, directly causing plaintiff to be suddenly, forcibly and violently thrown about on and in said car."

After admitting that defendant was receiver, the answer is a general denial. Upon a trial of the issues before a jury the defendant had a verdict, upon which judgment was entered, and plaintiff has appealed from such judgment. The amount sued for fixes the jurisdiction in this court.

The sole question raised by the appeal is the propriety of the court's action in giving instruction numbered 3 for defendant. This instruction reads:

"Liable v. Wells, Receiver.

"The issue in this case is a simple one. The only question is whether or not the defendant negligently caused the street car to give a violent or unusual jar, jerk or jolt.

"In this connection I charge you that an unusual or violent jolt or jerk is not that character of movement which is ordinarily necessary in the operation of a street car. In other words, the defendant is not liable if the movement of the car was only such movement as was necessarily incident to its operation or its starting.

"Therefore, if you find and believe from the evidence that the movement of the car at the time in question was only such movement as is necessarily incident to the operation of the car, even though it did amount to a jar, jolt or jerk, nevertheless, the defendant would not be liable therefor, and your verdict must be against the plaintiff and in favor of the defendant, Rolla Wells.''

In the brief of respondent, it is admitted that the evidence in behalf of the plaintiff made for her a case for the jury. Note the language used:

"Having thus made a case for the jury under her petition, in spite of the fact that the plaintiff herself said she was thrown by the sudden start of the car, it is interesting to note that the plaintiff, who was facing to the rear of the car, claimed that she was thrown backward toward the front of the car, lighting on her back. It would be the opposite direction from that in which she would fall if the fall were occasioned by either the sudden starting of the car or a sudden violent acceleration of speed, considering her position walking toward or facing the rear of the car.''

It will not be necessary to discuss the alleged conflict in the testimony, so long as it is admitted that there was evidence making a case for the jury, and our attention will be directed to the instruction, supra.

I. We said that we would not discuss the alleged conflict in the evidence, but we should say that the plaintiff was 72 years of age, and her conception of just how the accident occurred might not be as clear as that of one of less years. It is not always an easy matter to tell just how one falls. It suffices to say that, without the admission of counsel, supra, the evidence makes a case for the jury. The lurch, jerk or movement of the car was both sudden and violent, and out of the ordinary. But this to the side, and the real issue next.

**Aged Witness: Fall.**

II. It is clear that the party who drew Instruction 3 had been drawing inspiration from the Federal courts. Suffice it to say that

but few states tolerate undue comments upon the evidence in the case,
and fewer of them tolerate the usurpation of the jury's
**Instruction:** province by the court, and most certainly Missouri is not
**Inconsistent.** one of the number which tolerates either practice. Speak-
ing, not as a prophet, but only as one who can hear the mutterings of
an on-coming storm, and visualize the outcome thereof, it is safe to
say the present Federal practices in these regards will be wiped out
by statutes, if not corrected by the courts. If we are to have jury
trials at all, both court and jury should be kept strictly within their
respective fields of action in the course of the trial.

At the expense of brevity, but for a close and critical analysis of
this instruction, we copy it again, so that we may have it in plain
view, as we undertake to point out its defects. In full the instruction
reads:

"Laible v. Wells, Receiver.

"The issue in this case is a simple one. The only question is whether
or not the defendant negligently caused the street car to give a violent
or unusual jar, jerk or jolt.

"In this connection I charge you that an unusual or violent jolt or
jerk is not that character of movement which is ordinarily necessary
in the operation of a street car. In other words, the defendant is not
liable if the movement of the car was only such movement as was
necessarily incident to its operation or its starting.

"Therefore, if you find and believe from the evidence that the
movement of the car at the time in question was only such movement
as is necessarily incident to the operation of the car, even though
it did amount to a jar, jolt or jerk, nevertheless, the defendant would
not be liable therefor, and your verdict must be against the plain-
tiff and in favor of the defendant, Rolla Wells."

The first paragraph of this instruction is proper. It is negligence
to cause a street car to give a violent or unusual jar, jerk or jolt.
This because such action places the passengers in peril. But note
when we come to the third paragraph of the instruction the words
"violent or unusual" as qualifying words are omitted entirely. This
third paragraph does not present the question at issue. This issue,
as we have said, is well defined in the first paragraph. What every-
body knows, the courts know. The court therefore knows that "vio-
lent or unusual" jerks, jars, or jolts do not usually accompany the
starting of a street car. Nor are such "violent or unusual" jerks,
jars or jolts necessarily incident to the operation of such cars. So,
when we boil down this third paragraph of the instruction it amounts
to saying to the jury that you must find against the plaintiff if there
was a "jar, jolt, or jerk" even though such was only the ordinary
or usual movement of the car. The two paragraphs (1st and 3rd)
are absolutely inconsistent. Nor are we prepared to say that there

is no liability if there is a violent and unusual jerk which causes in-
jury to the passenger, simply because it may be thought
Necessity. that such "violent or unusual" jerk was necessary to the
starting of the car. To start a car with a violent and unusual jerk
has always been denominated negligence in this State, for which there
is liability. The cases will be cited and discussed in the succeeding
paragraph of this opinion.

Likewise accelerating the speed of a moving car by a "violent or
unusual jerk" has always been declared actionable negligence, if there
was resulting injury.

If for no other reason, this instruction must be condemned because
it is conflicting and misleading. Paragraphs one and three cannot
well stand in the single instruction without prejudicial consequences
to the plaintiff.

The second paragraph has its peculiarities also. The first sen-
tence of this clause (barring the ear-marks of Federal practice in the
use of the word "charge") is good law. This says that a violent
or unusual jolt or jerk is not ordinarily necessary in the operation
of a street car. In this the court is simply declaring as
Instruction: a fact what everybody knows to be a fact. But after
Misleading. declaring this fact the last sentence then declares "the
defendant is not liable if the movement was only such movement as
was necessarily incident to its operation or its starting." This sen-
tence does not declare the law, and is misleading in addition. It is
misleading in this, that the jury could well, and might, conclude that
"violent and unusual" movements were meant by the language of
this sentence. That it is not the law we discuss in the next paragraph.

III. The rule of law was well settled in the early case of Dougherty
v. Mo. Pacific Ry. Co., 9 Mo. App. 478. This case came from the Court
of Appeals to this court. [Dougherty v. Missouri Railroad Co.,
81 Mo. 325.] The report of the Court of Appeals uses the
Utmost name Missouri Pacific Railroad Company, as defendant,
Care. whereas the word "Pacific" does not appear in our report.
It is the same case, however, as appears from the whole opinion in
each court. The opinion here was by PHILIPS, Commissioner, and is
characterized by Judge PHILIPS's terseness and clarity of expression.
The case was one involving the old-time horse car used in the early
history of street-railways. The rules of law declared by Judge
THOMPSON of the St. Louis Court of Appeals, and approved by this
court, have continued to this date. The first paragraph of Judge
PHILIPS' opinion approves the opinion of the Court of Appeals in its
ruling on the doctrines of *res ipsa loquitur*. The second and third
paragraphs of our opinion read:

"II. With respect to the obligation of the defendant to the plaintiff as a passenger, it is sufficient to say, that while it is not an insurer of the safety of passengers, it is bound by its office, as such carrier, to exercise due care and vigilance, so as to safely transport them. It must allow reasonable time for passengers to enter and leave its car with safety, in the exercise of ordinary care. It should allow the passengers reasonable time to enter and take a seat, if there be one, or reasonable time to seize the straps furnished for passengers when standing; and while it may start its car before the passenger has had time to take a seat, or secure his hold on the strap, *it must exercise the utmost care in starting so as not to jar or upset him.*

"III. Counsel call our attention to some authorities to support the proposition that carriers of passengers by street cars, are not bound to the same degree of care as carriers by steam. Care and negligence are relative terms. The degree of caution, both by carrier and passenger, is to be estimated in a measure, by the hazard to life and limb. It is always such care and vigilance as a prudent, rational person would exercise under like circumstances. [Flynn v. Railroad, 78 Mo. 195.]"

Paragraph two of Instruction 3 in this case does not meet the rule, that "it [the railroad company] must exercise the utmost care in starting so as not to jar or upset him." Nor does the second paragraph of Instruction Three meet that rule of law which says that the railroad is liable if the start is made by a violent or unusual jerk, and injury to the passenger follows. Or if, after the start, there is a violent and unusual jerk in the running of the car, and injuries follow. The test of negligence is that something out of the ordinary and usual has happened. The test in Instruction Three is "necessity." In other words the company can kill all of its passengers by a violent and unusual jerk of the car, and not be liable, if such "violent and unusual jerk" were necessary in the operation of the car. This is not the law.

**Necessity.**

This case of Dougherty, supra, reached this court the second time. [Dougherty v. Missouri Railroad Co., 97 Mo. 647.] The principles as to the doctrine *res ipsa loquitur,* and degree of care required, were again ruled just as Judge PHILIPS had ruled.

We know of no case announcing different rules, and many have cited with approval the Dougherty case as written by Judge PHILIPS, and some of the number citing and approving the PHILIPS opinion are: Elliott v. C. M. & St. P. Ry. Co., 236 S. W. l. c. 20; Gardner v. Met. Street Ry. Co., 223 Mo. l. c. 417; MacDonald v. Railroad, 219 Mo. l. c. 468; Och v. Railroad (more especially on degree of care), 130 Mo. l. c. 51; Chadwick v. Transit Co., 195 Mo. l. c. 526; Redmond v. Railroad, 185 Mo. l. c. 10; Rhodes v. Mo. Pac.

Ry. Co., 213 Mo. App. l. c. 527; Brady v. Traction Co., 140 Mo. App. l. c. 425-6; Miller v. Met. Street Ry. Co., 125 Mo. App. l. c. 417.

So, through the foregoing, and many more that we have not cited, the doctrines of Dougherty's case have met with approval. The plaintiff in this case saw a vacant seat near the center of the car and started for it. She was thrown down (according to evidence in her behalf) just as she reached the seat, but before she could seat herself. As pointed out, supra, defendant's Instruction 3 does not announce the proper rules of law, and further is conflicting within itself and misleading and prejudicial.

For the error in giving this instruction the judgment is reversed, and the cause remanded. All concur; *Ragland, J.,* concurs in all except comments on Federal Practice, as to which he expresses no opinion.