STATE OF MISSOURI at the relation of ST. JOSEPH BELT RAILWAY COM-
PANY, a Corporation, Relator, v. HOPKINS B. SHAIN ET AL., Judges
of the Kansas City Court of Appeals.—108 S. W. (2d) 351.

Division Two, August 26, 1937.

734

*Brown, Douglas & Brown* for relator.

*Randolph & Randolph* and *Nile L. Vermillion* for respondents.

ELLISON, J.—*Certiorari* to the judges of the Kansas City Court of Appeals bringing up the record of that court in Lyons v. St. Joseph Belt Railway Company, decided in June, 1935, and reported

in 84 S. W. (2d) 933. The defendant railway company, appellant there, is relator here.

The plaintiff Lyons had been in the service of the relator as a roundhouseman, roundhouse foreman, locomotive fireman and locomotive engineer for about thirty years. He was discharged in 1932, and sued the relator in the Circuit Court of Buchanan County for $2448 actual damages and $10,000 punitive damages for its alleged wrongful, unlawful and malicious failure to give him a proper service letter upon his discharge, as required by Section 4588, Revised Statutes 1929 (Mo. Stat. Ann., p. 2026). In that action he recovered $1 actual damages and $10,000 punitive damages, which latter award was reduced to $4000 by *remittitur* enforced by the circuit court on consideration of relator's motion for new trial, and judgment was entered accordingly.

On relator's appeal to the Kansas City Court of Appeals the judgment was affirmed. The relator contends here that the opinion of the respondent judges of that court contravenes the latest controlling decisions of this court: (1) in upholding a certain Instruction No. 2 given by the trial court, which, it is said, authorized an award of punitive damages in the unlimited discretion of the jury without requiring a finding of malicious or intentional wrongdoing, and in ruling that this defect in the instruction was cured by other instructions given; (2) in refusing to set aside the judgment as being founded on passion and prejudice because the original verdict for $10,000 was grossly excessive; (3) and in affirming an award of $4000 punitive damages when the actual damages found were only $1.

The several instructions involved on the first point are as follows (the opinion also refers to instructions K and L, but we find they have no bearing on the questions here at issue, and hence do not set them out):

*Instruction No. 2* "The jury are instructed that in law there are two kinds of malice, actual malice and legal malice. By actual malice is meant actual spite and ill will. By legal malice is meant the intentional doing of a wrongful act without just cause or excuse.

"The jury are further instructed that the matter of awarding punitive damages is entirely within the discretion of the jury, and you cannot award punitive damages on the first count of plaintiff's petition unless you find and award actual damages on said count."

*Instruction No. 3* "The court instructs the jury that in law there are two kinds of damages, actual damages and punitive damages. Actual damages are for the purpose of compensating for the actual pecuniary injury or damage, if any, done to a plaintiff. Punitive damages are for the purpose of punishing and making an example of defendant for a wrongful act maliciously done."

*Instruction I* contained the following, among other things:

"You are instructed that in order to recover any such punitive damages, you must first find from the evidence that plaintiff is entitled to recover at least nominal actual damages on the first count of his petition, and next, that in the opinion of the jury, the defendant ought to be punished by the assessment of punitive damages in favor of the plaintiff on account of a willful and malicious failure or refusal of the defendant to furnish the plaintiff a letter signed by the defendant's superintendent or manager, correctly stating the duration and character of plaintiff's services with the defendant and truly stating the cause for plaintiff's discharge."

*Instruction J* further said: "The Court instructs the jury . . . that in order for the plaintiff to recover punitive damages in addition to such nominal damages on the first count of his petition, you must believe and find from the evidence that the defendant willfully and maliciously refused to give the plaintiff a service letter of the character described in the other instructions in this case, and that in the judgment of the jury, the defendant ought to be punished therefor by assessing some further sum as punitive damages."

The part of the opinion discussing Instruction No. 2 and the curative effect of the other instructions is as follows:

"12. The defendant complains of Instruction Number 2 given for plaintiff on account of the omission therefrom of any directions to the jury as to the facts to be found by it authorizing the assessment of punitive damages in its discretion or of any information as to the law on plaintiff's theory of the case and on account of an alleged affirmative misdirection therein to the jury to the effect that it was authorized in its discretion to award plaintiff punitive damages against the defendant upon the mere finding for plaintiff of actual damages against him, without regard to malice or intentional wrong upon the part of the defendant in doing the act complained of. However, when Instruction Number 2 for plaintiff is read in connection with Instruction Number 3 for plaintiff (which latter instruction advised the jury that punitive damages were such as might be assessed for plaintiff for the act complained of when wrongfully or maliciously done), the jury could not have been misled by Instruction Number 2 into believing that it was authorized thereby to exercise its discretion upon merely finding that the defendant failed or refused to give a proper service letter and upon the mere finding of actual damages for plaintiff against the defendant on account of such failure or refusal. It was advised by Instruction Number 3 that such failure or refusal, if found, not only must have been a wrongful act but must have been one maliciously done. The jury was advised by Instruction Number 2 that an act maliciously done was a wrongful act done through actual spite and ill will or one in-

tentionally done without just cause or excuse. When the two instructions are read together, which they must be, the alleged misdirection that might otherwise appear in Instruction Number 2 standing alone and the omissions therefrom in the particulars complained of disappear. [Markowitz v. Kansas City, 125 Mo. 485, 28 S. W. 642; Meadows v. Pacific Mutual Life Ins. Co. of California, 129 Mo. 76, 31 S. W. 578; Brown v. Globe Printing Co., 213 Mo. 611, 112 S. W. 462.]

"13. Moreover, it appears that defendant requested and obtained instructions I, J, K and L covering the whole case, by which the jury was fully informed as to the burden of proof and the facts necessary to be found by it before the plaintiff could recover and before a verdict could be returned against the defendant. The defendant was therefore not prejudiced by the failure of the court to require full instructions upon the plaintiff's part. The jury ascertained from the instructions given the full theory of plaintiff's case and the facts necessary to be proven, upon which his right of recovery. was predicated as well as the full theory of the defense. The jury was told in one of the instructions that all of the instructions were the instructions of the court. The instructions were therefore all of equal standing before the jury, unprejudiced by the fact that the one or the other may have been requested by the plaintiff or by the defendant. Error without prejudice is no ground for reversal. [Dorman v. East St. Louis Ry. Co., 335 Mo. 1082, 1093, 75 S. W. (2d) 854, 860; Brandon v. Carter, 119 Mo. 572, 24 S. W. 1035, 41 Am. St. Rep. 673; State ex rel. Hospes v. Branch, 151 Mo. 622, 52 S. W. 390; Shinn v. United Rys. Co., 248 Mo. 173, 154 S. W. 103.]

"14. It is true that, where an erroneous instruction is given for plaintiff, the vice therein, if one of misdirection, is not cured by the giving of a proper instruction for the defendant conflicting therewith. [State ex rel. State Highway Commission v. Blobeck Inv. Co. (Mo. App.), 63 S. W. (2d) 448; Patterson v. Evans, 254 Mo. 293, 162 S. W. 179; State ex rel. Central Coal & Coke Co. v. Ellison, 270 Mo. 645, 195 S. W. 722.]

"There is, however, as found, no real vice of misdirection in plaintiff's Instruction Number 2 when read in connection with its accompanying Instruction Number 3; neither did it undertake to direct a verdict; and there is no conflict between said instructions when construed together and no conflict between said instructions when so construed and the instructions asked and obtained by the defendant upon the trial. All of said instructions when read together fully and properly present the law of the case. Mere generality and incompleteness in an instruction may be cured by other instructions, which supply the omissions therefrom without conflict therewith."

In its brief here relator's argument starts with the proposition that punitive damages cannot be awarded in a tort action unless it be proven that the wrongful act complained of was either intentionally or maliciously committed (citing four cases). That is conceded by the respondents. The question to be determined is whether Instruction No. 2 runs contrary to that rule and must be read alone, or whether it may be read in connection with the other instructions above set out, and when so read sufficiently conforms to the rule.

On that point the brief says, "The vice in Lyon's instruction numbered two is that it tells the jury if they find against the defendant (relator here) as much as one dollar actual damages, then without reference to whether the damage resulted from a 'wrongful act, intentionally done,' *the matter of awarding punitive damages is entirely within the discretion of the jury.*"

The brief cites four cases decided by this court. The first is State ex rel. Central Coal & Coke Co. v. Ellison, 270 Mo. 645, 652, 195 S. W. 722, 723, where an instruction authorized a verdict for plaintiff on evidence outside the petition and conflicted with another instruction which directed a verdict for the defendant unless the jury found for plaintiff on specified facts within the petition. In the second case, State ex rel. Long v. Ellison, 272 Mo. 571, 583, 199 S. W. 984, 988, it was held that an instruction which purports to cover the whole case and authorizes a verdict, but omits an essential hypothetical fact, is prejudicially erroneous and the error is not cured by a correct instruction given for the defendant. In Liable v. Wells, 317 Mo. 141, 145, 296 S. W. 428, 429, two parts of the same instruction were "absolutely inconsistent" and one of these parts was erroneous. In State ex rel. Security Ins. Co. v. Trimble, 318 Mo. 173, 177-181, 300 S. W. 812, 813-814, an instruction told the jury two certain sets of facts constituted no defense, and then added "and your verdict must be for the plaintiff," without hypothesizing the facts which would have warranted a recovery by plaintiff. There was another instruction which did do this latter, but it was ruled the two instructions were conflicting and that the error therefore was not cured. In Pence v. K. C. Laundry Service Co., 332 Mo. 930, 939 (12), 59 S. W. (2d) 633, 636, three instructions authorized a verdict for the plaintiff but ignored a defense of the plaintiff's imputed contributory negligence, and this defense was not submitted in any other instruction. This was held error.

The brief for respondents cites a number of our decisions such as Jenkins v. Mo. State Life Ins. Co., 334 Mo. 941, 947, 69 S. W. (2d) 666, 669, and McDonald v. K. C. Gas Co., 332 Mo. 356, 364, 59 S. W. (2d) 37, 40. The former says:

"It is true that, if an instruction, purporting to cover the whole case and authorizing a verdict, leaves out any facts necessary to be

found before the plaintiff is entitled to recover, it is erroneous, and if such an essential fact is left out, it is not cured by another instruction requiring the finding of such fact. In such a situation the two instructions would be conflicting. However, all instructions must be read and construed together and where, taken together, they do contain a complete exposition of the law and cover every phase of the case, a verdict obtained thereon will be sustained, although some of the instructions taken separately may be incomplete and open to criticism. The instruction, covering the whole case and authorizing a verdict, is only cured by other instructions when it does require the finding of all essential elements of plaintiff's case, but states some of them indefinitely or ambiguously or in language which might be misleading. If only such defects appear, then other instructions which clearly and specifically require the finding of these essential elements do not conflict with the instruction covering the whole case but make such matters as may be too general, clear and definite. If the instructions thus harmonize and clearly state the law when read together, indefinite, ambiguous or misleading language in the main instruction is cured by the other instructions. . . . For a discussion of these principles, and the authorities so holding, see McDonald v. Kansas City Gas Co., 332 Mo. 356, 364, 59 S. W. (2d) 37, 40.''

▐ Now it must be conceded that Instructions 3, I and J clearly advised the jury they could assess punitive damages only if they found the defendant's alleged wrongful act was intentionally or maliciously done. So the only question left is whether the assailed Instruction No. 2 declares a contrary doctrine and is so drawn that it cannot be aided by the other instructions. The Jenkins case last quoted above, and many others cited by both relator and respondents, stress instructions that omit an essential element and *authorize a verdict*. Where an instruction does that all the cases say the error is incurable. On the other hand, as the Jenkins case points out, where an instruction authorizing a verdict is merely indefinite, ambiguous or misleading, standing alone, and these defects are corrected by other instructions so that when all are read together the law of the case is sufficiently stated, then the error in the one instruction is not reversible.

▐ But it is not alone instructions which authorize a verdict that may be beyond help. Speaking generally, positive misdirection in any instruction materially affecting the merits is reversible error even though there be other instructions correctly declaring the law. For illustration, suppose an instruction puts the burden of proof on one party and another instruction casts it on the other party, Mansur-Tebbetts Implement Co. v. Ritchie, 143 Mo. 587, 610, 612, 45 S. W. 634, 640; or that one instruction takes an issue out of the

case and another puts it in, Mahaney v. K. C., C. C. & St. J. Auto Transit Co., 329 Mo. 793, 803, 46 S. W. (2d) 817, 821; or that one instruction absolves a plaintiff from a certain responsibility, and another imposes it on him, Sloan v. Polar Wave Ice & Fuel Co., 323 Mo. 363, 381, 19 S. W. (2d) 476, 482. Examples might be multiplied. For a recent discussion of the question by the St. Louis Court of Appeals see State ex rel. State Highway Comm. v. Blobeck Inv. Co., 63 S. W. (2d) 448; also, see, 64 C. J., sec. 600, p. 671; 14 R. C. L., sec. 72, p. 812.

The first paragraph of Instruction No. 2 defines actual and legal malice in a few lines. Then the second paragraph, equally brief, says: "The jury are further instructed that the matter of awarding punitive damages is entirely within the discretion of the jury, and you cannot award punitive damages . . . unless you find and award actual damages. . . ." The instruction does not say that punitive damages may be assessed regardless of whether the defendant be found to have acted maliciously. It implies the contrary: otherwise why mention malice in the first paragraph? It does not authorize a verdict; it only says the question whether punitive damages shall be given rests entirely within the discretion of the jury. In other words, they are not required to award punitive damages even though they find the defendant did, act maliciously. Instruction I informs them if they give such damage it must be because they feel the defendant *ought to be punished* on account of such willful and malicious conduct, and Instruction J expressly declares that they cannot award punitive damages unless they find the defendant acted maliciously. While the instruction is not a model, we think it contains no misdirection of law. Everything it says is true. The ruling of the Kansas City Court of Appeals thereon is not in conflict with our decisions.

The relator's next assignment is that the original verdict of $10,000 punitive damages supported only by a finding of $1 actual damages is so excessive as to indicate passion and prejudice on the part of the jury tainting the whole verdict, and that the respondent judges of the Kansas City Court of Appeals therefore contravened our decisions in letting it stand even though the trial court had compelled a *remittitur* of $6000. Three cases are cited, the latest of which is Partello v. Mo. Pac. Ry. Co., 217 Mo. 645, 661, 117 S. W. 1138, 1142. While the earlier cases conceded our right to infer passion and prejudice on the part of the jury from the mere size of the verdict, and to order a new trial on that ground, yet since the decision of Cook v. Globe Printing Co., 227 Mo. 471, 547, 127 S. W. 332, 354, it has consistently been ruled otherwise; and that in such circumstances we can (or, at least, will) only grant relief by conditionally requiring a *remittitur* of the excessive part of the damages,

punitive as well as compensatory. [See, also, Clifton v. K. C. So. Ry. Co., 232 Mo. 708, 715, 135 S. W. 40, 42; State ex rel: A., T. & S. F. Ry. Co. v. Ellison, 268 Mo. 225, 233, 186 S. W. 1075, 1076; Dees v. Skrainka Const. Co., 320 Mo. 839, 851-2, 8 S. W. (2d) 873, 878; Sofian v. Douglas, 324 Mo. 258, 265, 23 S. W. (2d) 126, 129.] This assignment is not elaborated by the relator in his brief and is clearly untenable.

The last assignment is that the award of $4000 punitive damages, as it now stands, is still so disproportionate to the finding of only $1 actual damages that it cannot stand under our decisions; and the respondent judges of the Kansas City Court of Appeals contravened those decisions when they affirmed the judgment. The relator's brief says there is a relation or sort of ratio between the amount of actual damages and the amount of punitive damages that may be awarded in a case; and that we have never sustained a verdict for punitive damages for more than three times the amount of compensatory damages awarded. The decisions cited are: Sperry v. Hurd, 267 Mo. 628, 185 S. W. 170; State ex rel. A., T. & S. F. Ry. Co. v. Ellison, supra, 268 Mo. 225, 186 S. W. 1075; Callahan v. Ingram, 122 Mo. 355, 372-3, 26 S. W. 1020, 1024, 43 Am. St. Rep. 583. We cannot find anything in these decisions supporting that contention. The Sperry case and the Railway case in effect merely hold that where the punitive damages awarded are excessive the trial court may reduce them by involuntary *remittitur*. And the Callahan case holds that as against a claim for punitive damages the defendant has the right to prove he acted in good faith and without malice, and that an instruction ignoring that defense is erroneous.

It is well settled in this State and by the weight of authority elsewhere that punitive damages may be assessed though the recovery of actual damages be only nominal. [Keller v. Summers, 262 Mo. 324, 332, 171 S. W. 336; Lampert v. Judge & Dolph Drug Co., 238 Mo. 409, 415, 141 S. W. 1095, 1097, 37 L. R. A. (N. S.) 533, Ann. Cas. 1913A, 351; 17 C. J., sec. 270, p. 974; 8 R. C. L., sec. 137, p. 594; 33 A. L. R. 403, note.] There is no fixed relation between the amount of actual damages and the amount of punitive damages awarded. They rest on different bases. Actual damages are compensatory and are measured by the loss or injury sustained. Exemplary damages are inflicted by way of punishment for the doing of an act maliciously and are proportioned to the degree of malice, criminality or contumely characterizing the act, to the age, sex, health and character of the injured party, the intelligence, standing and affluence of the tortfeasor, and other like circumstances. These distinctions are pointed out in the cases cited by relator. [Sperry v. Hurd, supra, 267 Mo. l. c. 642, 185 S. W. l. c. 174; State ex rel. A., T. & S. F. Ry. Co. v. Ellison, supra, 268 Mo. l. c. 237, 186 S. W. l. c. 1077.]

And the Callahan case says: "The question of exemplary damages was a matter independent of the right to recover."

It has been said "the general doctrine is that the punitive damages awarded must bear some relation to the *injury inflicted* and the cause thereof, though they need not bear any relation to the damages *allowed* by way of compensation." 33 A. L. R., p. 398, note. (Italics ours.) 8 Ruling Case Law, section 137, page 593 states: "As a general rule exemplary or punitive damages are not recoverable in an action of tort unless actual damages are shown, although it is not always essential that such actual damages be susceptible of exact calculation. A reason for this general rule is that such damages are mere incidents to the cause of action. . . . But it has been held that if actual damage is shown, even though its amount is not shown, or found, and the other elements entitling the plaintiff to exemplary damages are present, exemplary damages may be awarded; in other words, after actual damage is shown, it is unnecessary to show its money extent to sustain a judgment for exemplary damages."

Apparently with the foregoing legal principles in mind, the Kansas City Court of Appeals in its opinion says: "While it may be true that ordinarily a verdict for punitive damages should not be altogether disproportionate to the amount of actual damages returned, yet, in this case, the verdict for actual damages of one dollar only was returned under the instructions of the court, for the reason of plaintiff's inability to introduce competent evidence of greater damages; and therefore the actual damages assessed furnish no proper guide for the amount of the punitive damages to be returned. Especially is this so as there is ample evidence in the record justifying a liberal award of punitive damages, and the inference therefrom should not be limited and restricted by an arbitrary assessment of actual damages."

There is nothing in the opinion of the respondent judges that conflict with any decisions of this court which have been brought to our attention or any that we have found, and our writ of *certiorari* heretofore issued is therefore ordered quashed. All concur.